LEWIS KAHN, RESPONDENT, vs. MOSES KAHN AND JOSEPH DOLL, APPELLANTS.

1. Both legal and equitable relief may be blended in the same action under the Code. Where the primary relief sought is legal, a case must be made in which the plaintiff is entitled to the final relief prayed, in order to authorize a temporary injunction under the Code in aid of such relief. Such an injunction should not be granted to restrain the doing of acts in relation to property, in respect to which property no final judgment is prayed.

2. Where an inferior court, after appeal and proper measures to secure a stay of proceedings, continues to proceed, the proper remedy is an appeal to the exercise of the power of the appellate court, and not by an injunction from a court of equity.

3. Where an appeal is taken from an injunctional order in an action of trespass, this court will examine such order. It cannot examine interlocutory orders in the action of trespass, as an appeal lies only to the final judgment of the court therein.

Appeal from the Circuit Court of Escambia county, First Judicial Circuit.

This is an action under the Code brought by Lewis Kahn against Moses Kahn and Joseph Doll. The complaint alleges that Moses Kahn recovered a judgment against the plaintiff in a justice's court for thirty dollars and costs; that plaintiff prayed for and obtained an appeal to the

County Court of Escambia county, and has given the undertaking to obtain such appeal and to obtain a stay of execution; that defendant, Moses Kahn, and Joseph Doll, who is a constable for Escambia county, disregarding said appeal and said undertakings, has proceeded to levy said execution, and has taken possession of a portion of the goods and chattels of the said plaintiff; that the said plaintiff has offered to replevy said goods, and has offered a replevy bond to the said constable as required by law, and that said constable has refused to receive said bond, and that he has been damaged and injured to the extent of three hundred dollars. He prays judgment for three hundred dollars damages against the defendants, and an injunction restraining them from further proceedings, under said judgment and execution, until the determination of said appeal and until the further order of the court.

The injunction, as prayed for, was granted. As to the other proceedings in the action of trespass, it is unnecessary to mention them further than to say there has been no final judgment in the action. An appeal is now prosecuted to this court.

*J. Dennis Wolfe* and *C. W. Jones* for Appellants.

*C. C.* and *J. E. Yonge* for Respondents.

WESTCOTT, J., delivered the opinion of the court.

While we do not propose to say this is a good declaration, yet, so far as a cause of action is disclosed, it is trespass for an alleged illegal taking of personal property. To this extent a legal wrong is alleged, and legal relief is prayed; judgment sounding in damages is asked. No lien is sought to be enforced, no recovery of a specific chattel is desired, no primary equitable relief as to the goods is sought. The injunction prayed for is to stay proceedings—in other words, to stop the sale. Here, then, we have a compound prayer for judgment embracing both legal and equitable

relief. This is authorized by the Code, and the injunction here issued, if authorized at all, is sanctioned by Section 168 of the Code. Such an injunction as is here prayed should only be granted where it appears by the complaint that the plaintiff is entitled to the final relief demanded. (Voor. Code, 316, 314, a.) Here, upon the face of the complaint, the Circuit Court has no jurisdiction, as the sum demanded is not over three hundred dollars. Nor should an injunction be granted under this section to restrain the doing of acts in relation to property in respect to which acts or property no final judgment is prayed. (Voor. Code, 316, a.) Here the final judgment prayed is for damages for a past trespass.

Independent of these considerations, too, an injunction should not be made to supply the place of a prohibition, supersedeas, or whatever may be the proper writ which an appellate court should issue to restrain proceedings in an inferior court.

If the appellants here have complied with the requirements of the law, so as to vest jurisdiction in the appellate tribunal, and is entitled to a stay of proceedings, then the appellate court, as an incident to its primary appellate jurisdiction, can control the action of the inferior court. The remedy is not by injunction. The county court has jurisdiction to issue all writs necessary to maintain its jurisdiction or to enforce its authority. (Sec. 3, Chap. 1627, of Laws of Florida.) The order granting an injunction in this case was wrong, and must be reversed.

This order of the Circuit Court is by statute the subject of appeal.

The orders of the court in the action of trespass are not subject for review upon appeal until after final judgment. There has been no final judgment here.

The order granting an injunction in this case is reversed, and the case is remanded for such proceedings as are conformable to law.