# CHARLESTON.

SMITH *et al. v.* EVANS *et al.*

Submitted June 6, 1896—Decided Nov. 18, 1896.

INTERLOCUTORY DECREE—COMMISSIONER'S REPORT—APPEALABLE DECREE.

Pending a commissioner's report undisposed of, a decree prematurely entered, which does not finally adjudicate the controversies between the parties to the cause, is interlocutory, and not appealable.

JOHN R. DONEHOO for appellants, cited 4 S. E. R. 621, 622; 10 S. E. R. 572, 573; Code c. 130 ss. 23, 22; 27 W. Va. 451; Acts 1891, c. 109; 31 W. Va. 94; 37 W. Va. 242; 40 W. Va. 431; Acts 1893, c. 3; 23 S. E. R. 710; Sedg. Stat.

268 (note) 270-71 (note) 274; 37 W. Va. 623, 396; 7 S. E. R. 340; 23 S. E. R. 778; 33 W. Va. 236.

EWING, MELVIN & EWING for appellees, cited, Story's Eq. Jur, § 767; 1 Greenl. Ev. § 334; Browne, Statute of Frauds, § 263; Story's Eq. Plead. § 279; Fry, Specific Performance, 105 ; 22 Am. & Eng. Ency. 981; 105 Ind. 522; 20 Atl. R. 369 (N. J. 1890); 3 W. Va. 23; 20 Id. 403; 31 Id. 9; 103 Ills. 249; 113 Id. 186; 128 U. S. 438; 9 S. C. R. 109; 45 Hun, 401; 3 Wend. 367; 45 Mo. 80; 78 Va. 700; 70 Cal. 553; 38 Md. 299; 4 Id. 459; 31 Mich. 380; 127 U. S. 668; 8 S. C. R. 1355; 26 Gratt. 312, 313; 27 W. Va. 451; 119 Ills. 549; 81 Id. 165; 91 Id. 187; 102 Id. 280.

DENT, JUDGE:

In the Circuit Court of Hancock county, Rebecca M. Smith and Sarah C. Lowary filed their bill of complaint against Benoni D. Evans, James M. Evans, William P. McC. Evans, and Oliver S. Martin, executor of the last will and testament of Isaac Evans, deceased, among other things setting up the following facts: That the plaintiffs and the three Evans, defendants, are the five surviving heirs of Isaac Evans, deceased, who died testate, appointing the defendant Oliver S. Martin executor of his estate; that after devising to the plaintiffs one thousand five hundred dollars each, and to Benoni D. Evans three thousand dollars, James M. D. Evans two thousand dollars, and to William P. McC. Evans four thousand dollars, he left a considerable estate undisposed of by his will, and which would have to be distributed among his heirs according to their legal rights; that he had made numerous advancements in addition to the above bequests to each of the heirs during his lifetime; that he had been willed by his father a certain tract of very valuable land, containing 150 acres, for his life, and at his death it was to go to his children; that he became desirous to dispose of such land during his lifetime; induced his children, including both plaintiffs and defendants, to make him a deed in fee for the land upon the contract agreement and understanding, fully acceded to by

them, to make them all equal in the distribution of his estate; and they ask that such estate, both real and personal, including all advancements and bequests, be ascertained, and that such agreement be fully consummated, by a ratable division of such estate among the heirs. Plaintiffs, for some reason, insist that their bill is a creditors' bill. The defendants insist that it is a bill for specific performance, and that it is demurrable for want of equity, the remedy at law being adequate; the agreement, being too vague, uncertain, and indefinite to be enforced, and not being in writing is obnoxious to the statute of frauds and perjuries; and that the bill is multifarious, in this; that plaintiffs unite in suing for claims not joint, but several and distinct in their nature and effect. As equity looks to the substance, rather than the form of language used, this must be regarded not as a creditors' bill, or for specific performance, but as a bill filed by distributees against distributees, to ascertain and compel partition and distribution of the estate of Isaac Evans, deceased. The law can afford no remedy, but equity is the proper tribunal. The demurrer was properly overruled.

The defendants filed an answer, admitting substantially all the allegations of the bill, except that it controverted the agreement as to the equal distribution of the estate, to which plaintiffs entered a general replication. An order was entered referring the case to a commissioner, to ascertain and report (1) an account of all the advancements and payments made by Isaac Evans, the decedent, to each of his several children, defendants, and of the debts due by the latter to the estate of said decedent; (2) an account of all the moneys, choses in action, accounts, credits, property, and estate whatsoever of said decedent, coming or to come to the hands of O. S. Marshall, executor of the will of said decedent; (3) a separate account of all estate, real and personal, whereof said Isaac Evans died intestate; (4) an account of all the estate, real and personal, to which said Isaac Evans was entitled to at the time of his death; and (5) of any other matter or thing pertinent to this cause which any of the parties may specially require.

On the 5th day of April, 1895, the following order was entered:

"*Rebecca M. Smith and Sarah C. Lowary* v. *Benoni D. Evans and others.* This cause is submitted upon the bill of complaint, the answer of William P. McC. Evans, replication thereto, the depositions taken by plaintiffs, and exceptions thereto, and upon the reports of J. H. Atkinson, commissioner, with leave to counsel to file briefs in vacation; and it is agreed that answers of Benoni D. Evans and James M. D. Evans, similar to the answer of Wm. P. McC. Evans, with replications thereto, shall be deemed filed and in the cause."

And on the 10th day of August, 1895, the two following orders were entered:

"Decree. This cause came on this 10th day of August, 1895, to be heard upon the bill, the answer of William P. McC. Evans, and replication thereto, the depositions of the plaintiffs, of D. V. Lowary and J. E. Smith and Daniel Donehoo, and exceptions thereto, and was argued by counsel; upon consideration whereof, the court doth find for the defendants; and it is thereupon adjudged, ordered, and decreed that the plaintiff's bill, in so far as it is to be regarded and taken as a creditors' bill, or as a bill for the specific performance of a contract, is dismissed; but, upon motion of plaintiff, the bill is retained as to the feature of advancement, and, on motion of the defendants, they have leave to demur or answer with reference to this respect or feature; and the question of costs is reserved."

"This 10th day of August, 1895, the plaintiffs presented their petition, praying the court to grant them a rehearing of so much of the decree entered herein on the 3rd day of August, 1895, as dismisses the bill so far as it seeks relief as a creditors' bill and for specific performance, to the filing of which petition the defendants' counsel objects, and the argument thereon is set for Tuesday next."

The petition filed amounts to nothing more than a reargument of the questions raised, and being on the same day while the matter was still entirely in the breast of the court, was wholly unnecessary, and was dismissed by order entered on the 25th day of October, 1895, ratifying and confirming the alleged order of dismissal entered on the 10th day of August, 1895. From these orders an appeal was allow-

ed.   The Commissioner's report was not made a part of the record, is not before this Court, and has not been passed on or considered by the circuit court, and no final decree with regard thereto has been entered. ,

The first question which presents itself for consideration is as to whether the order of the 10th day of August, 1895, is such a final order, adjudicating the merits of the cause, as will authorize an appeal therefrom.   It simply determines that the bill, "in so far as it is to be regarded and taken as a creditors' bill, or as a bill for the specific performance of a contract is dismissed; but, on motion of plaintiff, the bill is retained as to the feature of advancements.   As we have heretofore seen that this was neither a creditors' bill nor a bill for specific performance, but a bill to ascertain and distribute the estate of Isaac Evans, deceased, ratably among the heirs thereto, it is plainly evident that the order does not in any wise adjudicate the merits of the cause, but merely holds, if it is a creditors' bill or for specific performance of a contract, it can not be maintained, but retains it to ascertain and distribute the estate in controversy, and thereby it has left the merits of the cause wholly unadjudicated.   The bill alleges that there is a considerable surplus of the estate left undisposed of by the will, and seeks, in the distribution thereof to have the bequests charged as advancements, under section 13, chapter 78, of the Code, as was the understanding of the plaintiffs under the agreement with their father, that all his children should share equally in his estate.   This was a matter properly arising on the consideration of the commissioner's report at the final hearing and determination of the cause, and was embraced in the terms of the order of reference, and not a side issue, to be prematurely considered, without regard to such report, as was apparently attempted to be done.   For some reason, the court, excluding the commissioner's report, finds for the defendants; then limits that finding to the question of a creditors' bill or specific performance; and then reserves the matter of advancement for further consideration; and· this is the meritorious question at issue—that is to say, whether the bequests under the will shall be treated by the court in the distribution of the estate

as advancements. The decree complained of must be regarded as merely a contradictory and prematurely entered interlocutory order, not adjudicating the real merits of the controversy, from which, under former decisions of this Court, an appeal does not lie. *Shirey* v. *Musgrave*, 29 W. Va. 131 (11 S. E. 914); *Hill* v. *Als*, 27 W. Va. 215; *Laidley* v. *Kline*, 21 W. Va. 21; *Camden* v. *Haymond*, 9 W. Va. 680. For the foregoing reasons, the appeal is dismissed, as improvidently allowed.

# CHARLESTON.

