# CHARLESTON.

### Hopkins v. Prichard.

Submitted January 14, 1902. Decided April 5, 1902.

51 385
s 59 364
59 365
51 385
f62 216

1. PARTNERSHIP—*Individual Property—Title.*

In several suits consolidated certain tracts of land were attached by creditors as the individual lands of P. B., a partner of P. who was not a party to the suits, filed his petition and answer claiming these tracts were the property of P. & B.; the causes were referred to a commissioner to ascertain and report among other things what real estate said P. owned and possessed and by what title held, and also what real estate B., a former partner of P. under the name of B. & P., was interested in. The commissioner took testimony in the matter and without passing thereon referred the question to the court for decision upon the evidence certified up. The parties excepted to the report because the commissioner failed to report according to

their respective contentions. The court overruled the exceptions of B. and decreed that the tracts held in the name of P. and of P. trustee were the individual property of P., purchased with his individual assets and not with the partnership funds of B. & P. for partnership purposes and there was no resulting trust in favor of the creditors of B. & P. superior to the rights of the attaching creditors in the causes acquired under their attachments but said land was first subject to the attachments; and directing the commissioner to carry out the former decree of reference accordingly. *Held*: The decree adjudicated the rights of B. and was appealable. (p. 392).

2. RES ADJUDICATA—*Application Of Cases.*

   Syllabus pt. 6, *Finley* v. *Finley*, 42 W. Va. 372, does not apply to such matters as have been fully adjudicated by order or decree of the court leaving nothing on the particular matter to be reported by the commissioner for the information of the court. (p. 393).

Appeal from Circuit Court, Cabell County.

Action by J. C. Hopkins against R. H. Prichard and others. From a judgment in favor of plaintiff, defendants appeal.

*Modified.*

VINSON & THOMPSON, for appellants.

SIMMS & ENSLOW and T. H. HARVEY, for appellee.

McWHORTER, JUDGE:

R. H. Prichard and J. P. Brubaker were partners doing business under the name of Prichard & Brubaker, dealers in lumber, etc. About the year 1885 the same R. H. Prichard and L. H. Burks formed a partnership under the firm name of Burks & Prichard, in business as dealers in saw-logs and timber, and claim to have bought several large tracts of timber land in Lincoln and Logan counties for the use of said firm, taking the title principally in the name of R. H. Prichard and R. H. Prichard, trustee, and one tract of three hundred and seventy-one acres in the name of R. H. Prichard and L. H. Burks. Prichard as well as Prichard & Brubaker became largely indebted. Suits were brought in the circuit court of Cabell County and attachments sued out and levied upon the said several tracts of land to reach the interest of said Prichard therein. J. C. Hopkins brought his action of *assumpsit* against said firm of Prichard & Brubaker claiming over two thousand dollars; the

First National Bank of Ironton, Ohio, brought its action of
*assumpsit* against said firm of Prichard & Brubaker and R. H.
Prichard claiming over ten thousand dollars; and Harvey,
Hagan & Co., a corporation, brought its action in *assumpsit*
against the Standard Mercantile Company, a corporation, and
said firm of Prichard & Brubaker claiming eight hundred dol-
lars, which attachments were caused to be levied on various
tracts of land and other real estate including the several tracts
so conveyed to R. H. Prichard first mentioned. And at the
June Rules, 1897, J. C. Hopkins filed his bill in the circuit
court of Cabell County against said Prichard & Brubaker, R.
A. Lewis, George Calvin, L. F. Vinson, V. R. Moss, F. F. Mc-
Cullough, trustee, and the First National Bank of Ironton, al-
leging that he had brought his action and sued out an attachment
and had it levied on the various tracts of land as the property
of Prichard and Prichard & Brubaker, which was in aid of his
proceeding at law, and praying that the interest of R. H.
Prichard might be subjected to sale to pay plaintiff's claim and
the liens thereon adjudicated and their priorities determined,
and for general relief. And a chancery suit was also brought
by the First National Bank of Ironton, Ohio, against R. H.
Prichard and others, and by the First National Bank of Ceredo
against R. H. Prichard and others; all of which chancery causes
were seeking the same remedy and were consolidated. L. H.
Burks filed his petition in the action of *assumpsit* of Harvey,
Hagan & Co. against Prichard & Brubaker, and also filed the
same petition in the said chancery cause of J. C. Hopkins against
Prichard & Brubaker and others claiming that one of said tracts
so bought and paid for by the firm of Burks & Prichard was
conveyed to R. H. Prichard, trustee, by C. H. Miller by deed
dated the 3rd day of May, 1895, which contained eight hundred
and twenty-eight acres; that another of said tracts of land pur-
chased by said firm from J. L. Dingess, was conveyed to R. H.
Prichard by deed dated September 4, 1890; and also by J. A.
Nightbert, special commissioner, by two deeds dated each on
the 3rd day of December, 1892, copies of which deeds were filed
with his petition; and that the firm of Burks & Prichard pur-
chased a tract of three hundred and seventy-five acres on Big
Ugly Creek, and filed a copy of the deed made to them by A.
J. Brumfield and wife; averring that each and all of said tracts
of land were bought by the firm of Burks & Prichard and paid

for out of moneys belonging to said firm and were then owned by the said firm of Burks & Prichard, and setting up a claim in his petition of twelve thousand five hundred dollars against said firm and claiming that all the debts owing by the firm of Burks & Prichard should be paid and all the property belonging to the firm and paid for by the firm's money should be appropriated to the firm's debts before any part of it should go to the payment of the individual debts of Prichard, and recites the fact of the suing out of the attachments and the levy thereof on the said land to subject the individual interests of defendant Prichard to the payment of the debts claimed as owing to plaintiff by Prichard & Brubaker, and praying to be made a party defendant, and his petition treated as his answer to the bill and that the lands be discharged from the lien of said attachments so far as the debts of the firm of Burks & Prichard were concerned, and also as it concerned the interest of petitioner in the land and that said lands be sold to pay the debts due from the firm of Burks & Prichard to petitioner, and for general relief. On the 16th of July, 1897, the causes were referred to a commissioner to ascertain what property was owned by the defendants, R. H. Prichard and Prichard & Brubaker, what of such real estate L. H. Burks was interested in, if any, and to ascertain and report whether there was any real estate standing in the name of R. A. Lewis, trustee, or R. A. Lewis & Co., or Burks & Prichard, in which or to which R. H. Prichard was entitled; also to ascertain and report what sum, if any, there might be due from Prichard to Burks on account of the partnership of Burks & Prichard, and to settle the partnership accounts of Burks & Prichard and the respective interests of the partners in the partnership property, especially what interest R. H. Prichard had therein, and what liens if any were upon the real estate or other property of Prichard, their nature, amounts, priorities and how evidenced, and what personal property or chose in action belonging to Prichard which was subject to the attachments.

The commissioner took testimony as to the ownership of the two tracts of land, eight hundred and twenty-eight acres in the name of R. H. Prichard, trustee, and six hundred acres in the name of R. H. Prichard, and did not pass upon the question as to whether it was owned by R. H. Prichard alone, or was held by him for Burks & Prichard, and submitted the question to the

court for decision upon the evidence taken relative thereto and certified up to the court by the commissioner. Burks contended that the said two tracts were the lands of Burks & Prichard and as such liable to the debts of said partnership, while the creditors contended that said lands were the lands of R. H. Prichard individually and subject to the attachments levied thereon. The parties excepted to the report of the commissioner because he failed to find in accordance with their respective contentions as to the ownership of said lands. When the record was to be made up for this appeal it was ascertained that the report of the commissioner excepted to was lost and under an order of court, made March 15, 1900, the commissioner made and filed a substituted report from which these facts appear. On the 7th of July, 1898, the following decree was entered: "This day these causes came on to be heard upon all the former orders and decrees made and entered herein and all the papers heretofore filed herein, and especially upon the report of Thos. R. Shepherd, commissioner, filed on the 20th day of May, 1898, and upon the exceptions of L. H. Burks to said report, and was argued by counsel. And the court having maturely considered the exceptions to said report and the question of law arising upon the ownership of the lands reported to be held by R. H. Prichard, in his individual capacity and as trustee, submitted to the court by Commissioner Shepherd, is of the opinion that the several tracts of land shown by the commissioner and by the record in this cause to have been standing in the name of R. H. Prichard, trustee, and R. H. Prichard at the time of the levying of the attachments mentioned and described in this cause were purchased by R. H. Prichard with his individual assets, and that the same were not purchased with the partnership funds of Burks & Prichard for partnership purposes, and that there is therein no resulting trust in favor of the creditors of Burks & Prichard superior to the rights of the attaching creditors in this cause acquired under their attachments, but that said land is first subject to the attachments. It is therefore considered by the court that the exceptions of L. H. Burks to said commissioner's report be and they are hereby overruled, and the said commissioner is directed to carry out the former decree of reference herein in accordance with these views. And by consent of all parties it is further adjudged and ordered that said commissioner complete and file his further report herein at the

present term of this court." From this decree defendant L.
H. Burks appealed. The commissioner filed with his report the
depositions taken in the case in proof of the ownership of the
land so held by R. H. Prichard. After the entering of this de-
cree, on the 14th day of July, 1898, the commissioner filed his
report in which he reports in pursuance of the decree of the
court so holding, that the said Prichard owned the two tracts of
land situate on Hart's Creek in Logan County, one containing six
hundred acres, the other containing about eight hundred and
twenty-eight acres, the same tracts referred to in Burks' excep-
tion to the former report because the commissioner did not find
that Prichard held the land for Burks & Prichard, which excep-
tion was overruled and the court decreed that it was held by
Prichard in his individual right and was subject to the lien of
the attachments thereon. On the 21st of December, 1898, the
court decreed the two tracts of land, as well as various other
tracts held by Prichard to be sold to satisfy the debts as re-
ported by the commissioner against Prichard. It is insisted by
appellees that the decree of July 7, 1898, is an interlocutory
decree and not appealable. The seventh clause of section 1,
chapter 135, Code, provides that an appeal lies "in any case in
chancery wherein there is a decree or order dissolving, or re-
fusing to dissolve an injunction, or requiring money to be paid,
or real estate to be sold, *or the possession or title of the property,
to be changed, or adjudicating the principles of the cause.*"
While this decree does not contain a provision to sell the prop-
erty, it certainly adjudicates the principles of the cause so far
as Burks' rights are concerned, and as to him changes the title
of the property, decrees it to be individually in R. H. Prichard.
2 Bar. Ch. Pr., s. 234, page 821, it is said: "When a decree
finally decides and disposes of the whole merits of the cause and
reserves no further questions or directions for the future judg-
ment of the court, so that it will not be necessary to bring the
cause again before the court for its final decision, it is a final de-
cree." The question presented by the petition and answer of
Burks was whether or not these tracts of real estate, held in
the name of R. H. Prichard and R. H. Prichard, trustee, were
his individual property and liable for his individual debts or
were a part of the assets of the firm of Burks & Prichard, as
claimed in his said petition. The decree of July 7th finally
settled the only question involved in the controversy between

Burks and the individual creditors of Prichard, there was nothing left to be done that could vary or alter the rights of Burks after the decree was entered. On the 21st day of December, 1898, there was a decree for the sale of these lands, but there was no further adjudication of the rights of Burks and everything adjudicated by that decree was distinct from and independent of any matter set up in the pleadings so far as the rights of Burks were concerned. In *Reed* v. *Cline,* 9 Grat. 136, it is held: "There may be an appeal from a decree directing an issue where the decree impliedly involves a settlement of the principles of the cause." This was a suit to enforce specific execution of a contract for the sale of land and the statute of limitations was pleaded and the circuit court directed an issue to ascertain whether the title bond as set out and alleged in the bill was ever executed and whether it was assigned and transferred to the ancestor of plaintiff as alleged; whether it was lost or destroyed and if so what were its contents; and whether Reed had notice thereof before his purchase and the payment of the purchase money. An appeal was taken from the decree directing these issues. The appeal was entertained as settling the principles of the cause to the extent that if the jury should find the issues favorable to the complainants they should have the relief prayed for, otherwise it would be an idle waste of time and costs to try the issues at all, although in that case it was contended that the decree of the circuit court was merely interlocutory as it did not direct the payment of money, or the change of title or possession of property and did not settle the principles of the case. In *Garrett* v. *Bradford,* 28 Grat. 609, it is held, Syl. 1: "A decree which overrules certain exceptions to a commissioner's report, and confirming the report as to the questions involved in these exceptions, is a decree settling the principles of the cause as to these questions, from which the party excepting may appeal, although the report is recommitted to the commissioner as to other matters involved in other exceptions." And in *Wood* v. *Harmison,* 41 W. Va. 376, a decree was rendered declaring fraudulent and void certain transfers of real estate by Harmison to his wife to the extent of certain sums which he had paid in the purchase of the estate so far as the transfer affected debts of the firm of Harmison & Hill incurred in the lifetime of Harmison and the decree declared that the creditors to that extent had a right to charge the property in

Mrs. Harmison's hands, and absolved her from personal liability for debts contracted by Hill, the surviving partner after Harmison's death. The decree then declared that in order to make a final decree a reference was necessary and it referred the cause to a commissioner to ascertain and report what debts Harmison owed, what debts the firm owed at the dates of the conveyances by Harmison to his wife, and what portion of the debts remained yet unpaid, what portions of the debts existed when Harmison died and what portion had been incurred since his death; what liens for purchase money yet remained on the said realty, and to settle the accounts of A. E. Hill, administrator. This decree was held to be appealable. In *Jamison* v. *Jamison,* 86 Va., 51, it is held that a decree that adjudicates the principles of the case though interlocutory, because it leaves something in the cause to be done by the court is appealable. And in *Lancaster* v. *Lancaster,* 86 Va. 201, it is held that, "An order adjudicating the principles of a cause is one which so far determines the rules or methods by which the rights of the parties are to be finally worked out; that it is only necessary to apply these rules or methods to the facts of the case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit." In case at bar the court adjudicates all the rights of Burks and nothing is left to be done by the court, but upon the coming in of the commissioner's report ascertaining liens, to decree the sale of the property in which Burks claims an interest as the sole and individual property of Prichard. It will hardly be contended that if this decree of July 7th had not been appealed from and the matter had rested until two years were passed that it would have been *res judicata* as to said Burks. *Smith* v. *Evans,* 42 W. Va. 352, where it is held: "Pending a commissioner's report undisposed of, a decree prematurely entered which does not finally adjudicate the controversy between parties to the cause, is interlocutory, and not appealable." In case at bar an exception to the commissioner's report was overruled and the issue between the defendant Burks and the creditors of R. H. Prichard were affirmatively and finally adjudicated by the decree of July 7, 1898. Appellees cite *Hill* v. *Als,* 27 W. Va. 215, in support of their position that the decree is not appealable. It is there said in the opinion: "In the cause before us there are presented by the pleadings two distinct and separate subjects of controversy, first the right of

the plaintiff to subject the hotel property to the saticfaction of his judgment, and second whether or not his debt has priority over the trust deed made to secure the Homestead Building Association. And by the order of reference the commissioner is required to report what other liens there are against the said property. This reference may bring before the court other matters of controversy in addition to those now appearing in the record, which may be brought to this Court for final adjudication." In the case at bar there was nothing further to adjudicate, the only question being whether the two tracts of land, of six hundred acres and eight hundred acres, were the property of Burks & Prichard, or of Prichard alone. This was finally settled and adjudicated by the decree of July 7th, and if the adjudication should stand Burks had no further interest in the matter. It is insisted by the appellees that this question of the ownership of the land was submitted to the court by the commissioner under section 6, chapter 129, Code, and that by the decree of July 7th no principle was adjudicated, but the order was simply an instruction to the commissioner and that the defendant Burks by failing to except to the report of July 14th, the matter so excepted to in the former report and not excepted to in the last report cannot be considered as open for judicial investigation, either in the court below or in the appellate court, and cite *Carskadon* v. *Minke,* 26 W. Va. 729. And *Finley* v. *Finley,* 42 W. Va. 372 is cited, where it is held: "Exceptions to the commissioner's report recommitted will not be considered in hearing the case on a second report, unless such exceptions be made to the second report." This applies to cases only where matters are recommitted to the commissioner to be reported upon by him where such matters to be reported are for the information of the court and not in those particular matters which have been solemnly adjudicated by decree of the court. After Burks' exception to the first report and the overruling of the same by the court and the adjudication of the matter excepted to in which the commissioner had no power or discretion to make any change, an exception to the second report of the same character would be simply idle form and would have been an exception to the decree of the court. It appears from the commissioner's report that besides the two tracts of six hundred and eight hundred acres, R. H. Prichard was the owner of another tract of one thousand acres on Big Ugly Creek waters in Lincoln County, and several

lots in Central City in his own right, besides his interest in the tract of three hundred and fifty-seven acres conveyed to him and Burks jointly. Depositions were taken whereby it is shown that the two tracts of six hundred acres and eight hundred acres were purchased by the firm of Burks & Prichard. Prichard testifies that he purchased the said tracts for Burks & Prichard and paid for them with the funds of Burks & Prichard. Burks testified that the two tracts of land were paid for by Prichard out of his own funds, that it was understood that he put in these lands and the timber on 'them and the Fulton-Cummins job on Mud River to offset advancements made by Burks. C. Crane testified that, he thinks in 1895, about the 1st of February, Burks and Prichard were talking about their partnership affairs and about winding them up and 'they called him up as a witness and stated in his presence that all property that belonged to R. H. Prichard and L. H. Burks was then turned over to Burks to be sold to pay their debts. Prichard stated that there was one or two pieces of land, witness did not remember the amount, that there was some of this real estate when buying it had been deeded to him for convenience that it belonged to the company and was paid for with company's money, and for Burks to take it in hand and go ahead and sell it, that it was all company property and to be sold for the debts of the concern. And on cross-examination stated that some of it was on Hart's Creek, and they sold him all the timber that belonged to Burks & Prichard and agreed that Prichard was to have nothing more to do with it, and he was to pay Burks direct for the timber; that it was when that deal was made that the land was mentioned and his attention called to it; said he bought timber from Burks at that time and received timber under that contract; was asked how much money was paid on the contract, said he didn't know exactly, his recollection was that it was about twelve thousand dollars worth of timber, between ten thousand and twelve thousand dollars anyway, it might have been fifteen thousand dollars, that there were two fleets at one time that came to about six thousand dollars. U. B. Buskirk testified that one of Prichard's creditors, Standard Mercantile Company of which he was president, knew of Prichard's holdings of real estate in Logan and adjoining counties and had granted him credit largely on account thereof; that he never heard Prichard say anything about anyone else being interested in the land.

It seems to be well established that these lands were the property of Burks & Prichard, and especially the eight hundred acre tract standing in the name of Prichard, trustee, with the evidence of its belonging to the firm and used in their business, and the constructive notice of record, that he held it in a fiduciary capacity should relieve it from the liens of the attachment. It could not be said that the Standard Mercantile Company gave him credit on account of that tract because it was put on inquiry as to how he held it. It is claimed by counsel for appellees that it does not appear from the decree of July 7th that any evidence was adduced upon the hearing or that any of the depositions were read. The decree recites that the cause came on to be heard upon the former orders and decrees made and entered therein and all of the papers theretofore filed therein, and especially upon the report of the commissioner, and upon the exceptions of L. H. Burks. The testimony taken in the case was certified to the court with the commissioner's report to enable the court to decide the question upon the evidence taken. For the purposes of passing upon the question referred back to the court by the commissioner, the depositions must necessarily have been read, they were made a part of the report and the decree says that it came on to be heard especially upon the report of the commissioner. It is claimed by appellees that there was no evidence that any social funds ever went into the purchase of these lands, or that they were used for the purpose of partnership. Prichard testifies that they were paid for by partnership funds; Burks testifies that Prichard put them in as his stock in the partnership, and it is shown by Crane that they were to be used in the business for the payment of partnership debts. Under the evidence the circuit court may have been justifiable in holding that the six hundred acres held in the name of Prichard was subject to the lien of the attachments, but certainly not as to the eight hundred and twenty-eight acre tract. As to which last named tract the decree is reversed, and affirmed as to the six hundred acre tract and the cause remanded.

*Modified.*