# CHARLESTON

HOPKINS v. PRICHARD.

Submitted January 30, 1906.    Decided April 10, 1906.

1. APPEAL—*Interlocutory Decree—Matters Reviewable.*
    When an interlocutory decree is rendered in a cause which so far settles the principles of the cause as to make the decree appealeable, and subsequent decrees carrying out the principles so settled, are entered in the cause, an appeal from such interlocutory decree alone, will not bring up for review such subsequent decrees, although the same were entered long prior to the granting of such appeal.   (p. 366.)

2. SAME—*Reversal—Effect.*
    After the reversal of the interlocutory decree on such appeal, the subsequent decrees mentioned not having been set aside, reversed, or corrected by bill of review, appeal, or otherwise, the same remain firm and valid, although inconsistent with the judgment of this Court in reversing the first mentioned decree.   (p. 368.)

Appeal from Circuit Court, Cabell County.

Bill by J. C. Hopkins against R. H. Prichard and others.

Decree for plaintiff, and defendants Harvey,Hagen & Co. appeal.

*Reversed.*

WALLACE & FITZPATRICK, for appellants.

VINSON & THOMPSON, for appellee.

McWHORTER, PRESIDENT:

This cause was here once before, brought to this Court by L. H. Burks who had come into the cause by petition claiming prior liens on certain lands sought to be sold, and appealing from a decree entered on the 7th day of July, 1898. See 51 W. Va. 385, 41 S. E. 347. The decree then appealed from referring to the report of Thomas R. Shepherd, commissioner, filed on the 28th day of May, 1898, and the exceptions thereto of L. H. Burks says: "And the Court having maturely considered the exceptions to said report and the questions of law arising upon the ownership of the lands reported to be held by R. H. Prichard, in his individual capacity and as trustee, submitted to the Court by commissioner Shepherd, is of the opinion that the several tracts of land shown by the commissioner and by the record in this cause to have been standing in the name of R.H.Prichard, trustee, and R. H. Prichard at the time of the levying of the attachments mentioned and described in this cause were purchased by R. H. Prichard with his individual assets, and that the same were not purchased with the partnership funds of Burks & Prichard for partnership purposes, and that there is therein no resulting trust in favor of the creditors of Burks & Prichard superior to the rights of the attaching creditors in this cause acquired under their attachment, but that said land is first subject to the attachments. It is therefore considered by the Court that the exceptions of L. H. Burks to said commissioner's report be and they are hereby overruled, and the said commissioner is directed to carry out the former decree of reference herein in accordance with these views. And by consent of all parties it is further adjudged and ordered that said commissioner complete and file his further report herein at the present term of this Court."

The lands involved were two tracts of 600 acres and 828 acres, respectively, the court holding as shown by the de-

cree just quoted that said lands were "first subject to the at-
tachments," the decree was reversed as to the 828 acres tract,
giving the appellant, Burks, priority of lien on said tract.
51 W. Va. 385. It seems that on the 21st day of December,
1898, a decree of sale was entered by the circuit court of
Cabell county, and a sale of the said two tracts of land to-
gether had thereunder, for the sum of $1,500, and on the
11th day of December, 1899, the net proceeds of the sale of
said two tracts of land amounting, after the payment of costs
of sale and suits and taxes, to $780, was paid to Harvey,
Hagen & Company on account of its lien which had been de-
cided by the circuit court to be the first lien on both tracts.
On the 11th day of April, 1903, the cause was heard in the
said circuit court, upon the former proceedings and upon
the mandate of this Court, when Harvey, Hagen & Company
moved the court to set aside the sale of the two tracts, and
proposed to refund the money received from the special
commissioner in case there should be a resale of said tracts,
decreed, which motion the court overruled. Said Harvey,
Hagen & Company then moved the court to refer the cause
to a commissioner to ascertain what proportion of costs,
taxes, and expenses should be borne by said 600 and 828
acres tracts of land, respectively, and what part of the $780
the net proceeds of sale received by it should be refunded
and paid back by said Harvey, Hagen & Company, which
motion was also overruled, and the court refused to make
such reference, "And the court being of the opinion from
the mandate, and opinion of the Supreme Court, that the
828 acre tract of land was the land of Burks & Prichard, and
that L. H. Burks was entitled to the proceeds from the sale
thereof, and that the said Harvey, Hagen & Company was
not entitled to the $780 paid it or any part thereof, and that
the whole thereof with interest should be paid to said L.
H. Burks," and decreed accordingly that said Burks recover
from said Harvey, Hagen and Company, $935.22, being the
principal and interest of said $780 from December 11, 1899,
until the date of the decree, with interest on said $935.22
from date of decree until paid and awarded execution there-
for; from which decree Harvey, Hagen & Company ap-
pealed, claiming that the court erred in refusing to set aside
the sale of the two tracts, and in refusing to order a resale

thereof. Also in refusing to refer the cause to a commissioner for the purposes set out in its motion; that it erred in holding that appellant was not entitled to retain any of the fund realized from the sale of said tracts of land which had been paid to it on the 11th day of December, 1899; that it erred in rendering judgment against appellant for $935.22, in favor of L. H. Burks.

The former appeal in this cause was alone from the decree of July 7, 1898, which, while interlocutory, settled the rights of the parties as to the priorities of their liens on the said two tracts of land, the present appellant, Harvey, Hagen & Company, claiming prior liens thereon by virtue of its attachment, and L. H. Burks who was not a party to the suit coming in by petition and answer, claiming that said two tracts of land were not the property of Prichard individually, and not liable to the attachment of Harvey, Hagen & Company, but was the property of Burks & Prichard, and first liable to the social debts of the firm then represented by him, and for which he had the prior lien. Neither the decree of sale which was entered on the 21st of December, 1898, nor the decree confirming the sale made thereunder, and under which the net proceeds of sale were paid on the 11th day of December, 1899, to Harvey, Hagen & Company, was vacated, annulled, set aside, or appealed from, and if those decrees remain undisturbed, firm and valid, what should have been the action of the circuit court on the 11th day of April, 1903, when the decree now complained of was entered? Did the former appeal from the decree of July 7, 1898, bring in review before this Court, decrees and orders entered by the circuit court in the cause subsequently thereto? In that thorough and exhaustive chapter under the title "Appeal and Error," 3 Cyc., 229, we find: "While an appeal from an interlocutory, as well as from the final judgment or decree, brings up for review all the proceedings in the cause anterior to the final judgment or decree an appeal from an interlocutory order or decree alone brings up for review only the order or decree appealed from."

In *Railway Company* v. *Railway Company*, 100 Ill. 21, it is held: "An appeal brings up for review only such matters as precede the entry and perfecting of the appeal,

and not any matter occurring subsequently; and a refusal of an appeal as to such subsequent proceeding, will not have the effect of bringing them up for hearing on the first appeal," and in *Pa. Company* v. *Greso*, 79 Ill. App. 127, it is held: "Where no appeal is taken from an order over-ruling a motion to vacate a judgment, the appellate court, on appeal from the judgment alone, cannot review such order." *Kahn* v. *Kahn*, 15 Fla. 400: "Where an inferior court, after appeal and proper measures to secure a stay of pro-ceedings, continues to proceed, the proper remedy is an appeal to the exercise of the power of the appellate court and not by an injunction from a court of equity." It has been held by both the court of appeals of Virginia and this Court, that a judgment on a forth-coming bond, and a decree or previous judgment on which the execution issued, on which the forth-coming bond was given, constitute but one proceeding so far as the *supersedeas* is concerned. In *Laidley* v. *Bright*, 17 W. Va. 779, in rendering the opinion of the Court, JUDGE GREEN says: "The judgment of a forth-coming bond is not considered as brought up by a *supersedeas* to the first judgment. See *Moss* v. *Moss*, 4 H. and M. 303; but the two judgments constitute one proceeding, so far as granting a *supersedeas* is concerned; and if the judgment on the forth-coming bond has been rendered before the *supersedeas* is issued, and the error exists in the first judgment, the petition ought to pray a *supersedeas*," citing *Munroe* v. *Webb*, 4 Munf. 73; *McCormick* v. *Bailey*, 17 W. Va. 585. He further adds, "So far have the courts gone in holding that it is proper for the appellate courts to try the whole matter in one case, that an appellate court may properly extend the *supersedeas* first awarded to the judgment subsequently obtained on the forth-coming bond. See *Bell* v. *Bugg*, 4 Munf. 260. We must therefore consider this case on the merits." It will be observed that the court say: "The petition ought to pray a *supersedeas* to both judgments; and they should be both embraced in the *supersedeas*." In the case cited of *Bell* v. *Bugg*, the court on motion of the plaintiff in error extended the original writ of *supersedeas* to a judgment which had subsequently been obtained upon a forfeited forth-coming bond. In case at bar, the decree of sale entered on the 21st of December, 1898,

was a final decree and appealable, and might have been heard with the appeal taken in the cause from the decree on July 7, 1898, if the party in interest, whose rights were prejudiced thereby, had by petition asked that the appeal and *supersedeas* be extended to embrace such decree or decrees. The errors assigned in the petition for appeal were confined exclusively to the decree of the 7th of July, 1898, and the prayer was for an appeal from, and *supersedeas* to the said decree, although it appears that the appeal was not granted until June 30, 1900; more than six months after the proceeds of the sale of the two tracts of land had been paid over to the attaching creditor, Harvey, Hagen & Company, under the decrees of the court. The briefs of counsel in the cause on that appeal, made no reference whatever to any decree entered subsequent to that of July 7, 1898, and the cause was decided upon the appealability of that decree. The appellant, having failed to contest the validity or correctness of the subsequent decrees, the decree of December 21, 1898, and the one subsequent thereto, confirming the sale of said tracts of land, the same not being set aside, annulled, or appealed from, remain firm and valid, and the circuit court had no power or control over them, hence it committed no error in overruling the motion of Harvey, Hagen & Company, on the 11th of April, 1903, to set aside the sale of the two tracts of land, as well as the other motion to refer the cause to a commissioner for the purposes stated in its motion; but the net proceeds of sale of said tracts of land having been paid over to Harvey, Hagen & Company in the cause under said decrees therein, which were appealable, but which were never sought to be set aside, reversed, or corrected by bill of review, appeal or otherwise, the court erred in rendering its decree and judgment in favor of L. H. Burks against said Harvey, Hagen & Company for the said $935.22.

For the reasons herein set forth, the decree of April 11th, 1903, now complained of, is reversed, set aside and annulled.

### UPON RE-HEARING.

Counsel for appellee in their petition for re-hearing contend that the said decrees of sale and confirmation of sale, rendered after the decree of July 7, 1898, which was

brought to this court on appeal by the appellee here, were mere nullities and void. The appellee had, with the consent of the Court, by petition and answer, made himself a party to the cause and defending his rights therein, and his interests were directly affected by said decrees of sale and confirmation; and, although said decrees were rendered some months after that from which he appealed and before his appeal was taken and were final and appealable, he failed to embrace, or include them in his said appeal of June 30, 1900, and to have the same reviewed as he could and should have done.

It is further contended that the appeal should be dismissed for the reason that the only question involved between appellant and appellee is one of costs. This cannot be the case when the decree of December 21, 1898, for sale and the subsequent decree of confirmation remain undisturbed. The whole judgment in favor of appellee against appellant is necessarily involved, and that the appellee failed to have said decrees reviewed is his misfortune.

The proposition of appellant, Harvey, Hagen & Company, contained in the decree here complained of, to refund the $780, the net proceeds of sale of the two tracts of 600 acres and 828 acres of land, in case a resale of the said tracts should be decreed; or, that the cause should be "referred to a commissioner to ascertain what proportion of costs, taxes and expenses should be borne by said 600 and 828 acres tracts of land respectively, and what part of the $780, the net proceeds of sale received by it, should be refunded and paid back by said Harvey, Hagen and Company;" whether made in a spirit of equity or under a misapprehension of the effect of the decree of sale entered December 21, 1898, and the subsequent decree confirming the sale, were retracted and withdrawn by it upon the rendition of the decretal judgment against it for the sum of $935.22 in favor of L. H. Burks, from which decree it has appealed and which retraction it had a right to make and rely upon the effect of the said decrees of sale and confirmation, which redounded to its interest, upon its proposition or motions being rejected by the court.

We see no reason for changing the former decision in this cause, November, 1904, and the decree complained of is reversed.

*Reversed.*