# CHARLESTON.

ALBERT B. WHITE, *United States Internal Revenue Collector for the District of West Virginia, acting on behalf of the United States of America, v.* I. GRANT LAZELLE, *Judge of the Circuit Court of Monongalia County.*

(No. 5291)

Submitted January 14, 1925.    Decided May 5, 1925.

1.  APPEAL AND ERROR—*Reversal of Original Decree Held Adjudication Rendering Decrees Entered, But Not Expressly Appealed from, Carrying Out Principles of First Decree, of No Validity or Effect.*

    Where, on appeal from a decree adjudicating the principles of the cause, the appellees move to dismiss on the ground that subsequent decrees included in the record, but not expressly appealed from, carrying out the principles of the first decree, are final and binding on the parties, and for that reason a reversal of the decree appealed from would avail nothing to the appellant; the overruling of the motion and reversal of the original decree constitutes an adjudication rendering the subsequent decrees of no validity or effect.    (p. 113).

    (Appeal and Error, 4 C. J. §§ 3250, 3265).

2.  MANDAMUS—*Mandamus Lies to Compel Court to Proceed in Accordance With Mandate on Reversal of Decree Appealed from, Regardless of Decrees Entered Subsequent to Appeal.*

    Mandamus will lie in such case compelling the circuit court to disregard the subsequent decrees and proceed in accordance with the decision of this Court on the appeal.    (p. 115.)

    (Mandamus, 38 C. J. § 139).

    NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Suit by Albert B. White, Internal Revenue Collector for District of West Virginia, on behalf of the United States, for mandamus to be directed to I. Grant Lazelle, Judge of the Circuit Court of Monongalia County.

*Writ awarded.*

*T. M. McIntire,* Special Assistant United States Attorney, for relator.

*Cox & Baker,* for respondent.

LITZ, JUDGE:

During the year 1920 the Knob Coal Company, a corporation, became largely indebted to the Federal Government for taxes. December 14, 1920, the respondents, J. M. G. Brown, Mary B. Brown, Robert D. Hennen, Louise Reiner Hennen, Noah A. Moore, Nettie E. Moore, Jesse V. Moore and Lona W. Moore, being the owners of all the capital stock of the Knob Coal Company and the Markley-Dale Coal Company, a corporation, in consideration of the sum of $300,000, sold and delivered the same to the American Gas Coal Company, a corporation. $125,000 of the purchase price having been paid in cash, to secure the payment of the residue, the American Gas Coal Company, Knob Coal Company and Markley-Dale Coal Company, by deed bearing date of January 3, 1921, conveyed to a trustee the properties belonging to these corporations, situated in Monongalia County. On October 8, 1921, the said respondents instituted a chancery suit, in the Circuit Court of Monongalia County, against the American Gas Coal Company, Knob Coal Company, Markley-Dale Coal Company and others. The bill filed therein at November rules, 1921, charged insolvency of the American Gas Coal Company, and prayed for administration of its assets. Thomas Ray Dille, a commissioner in chancery to whom the cause was referred to ascertain and report the assets and liabilities, in the order of priority, of the American Gas Coal Company, Knob Coal Company and Markley-Dale Coal Company, filed his report finding, inter alia, that the debt of Knob Coal Company to the Government, in the sum of $38,653.90, constituted a claim against the assets of this corporation superior to that of said respondents, under the deed of trust, amounting to $171,993.26. Sustaining exceptions of the said respondents to the commissioner's finding, by decree of November 27, 1922, the circuit court decreed that the claim of said respondents under the deed of trust was superior to that of the Government against the assets of Knob Coal Company.

January 8, 1923, a decree was entered directing special commissioners to make sale of the assets belonging to the three corporations; and such sale having been made and reported pursuant thereto, another decree was rendered April

6, 1923, confirming the sale and directing distribution of the proceeds in accordance with the decree of November 27, 1922.

June 26, 1923, an appeal and supersedeas was awarded by this Court to the said decree of Novemeber 27, 1922. On February 6, 1924, the said respondents filed a written motion to dismiss the appeal and supersedeas on two grounds, one being that the decree appealed from was merely interlocutory and therefore not reviewable. To sustain this motion, which was submitted at the hearing of the case, it was argued on brief:

> "The appeal and supersedeas is awarded to the decree of the 27th of November, 1922, alone. No subsequent decree was appealed from. The decree of November 27, 1922, was interlocutory and not final. It only ascertained the amounts and priorities of the liens, but did not pronounce the sentence of the law thereon, or order a sale to satisfy same, or give any relief in relation thereto. It was neither final nor an adjudication of all the principles of the cause, but only a part of them in an interlocutory way.
>
> "The decree, being interlocutory, the amounts and priorities there ascertained, were subject to change or revision by the court before a decree of sale; and in fact such change to some extent was made by the later decrees in the cause. At subsequent terms of the court, a decree of sale was entered, and a decree of confirmation and distribution, as well as other orders and decrees, none of which were appealed from, but stand unquestioned.
>
> "*If the decree of distribution is to stand unappealed from, the appellant could obtain no relief by reversal of the previous interlocutory decree ascertaining liens and priorities.*"

Overruling the motion to dismiss, this Court by decision of February 26, 1924, reversed the decree of the circuit court of November 27, 1922, in so far as it sustained exceptions to the report of Commissioner Dille, and overruling said exceptions, confirmed the said report. *J. M. G. Brown et al.* v. *American Gas Coal Company et al.*, 95 W. Va. 658, 123 S. E. 412.

By the decree of reversal it is:

"Adjudged, ordered and decreed that the decree of the Circuit Court of Monongalia·County, pronounced in this cause on the 27th day of November, 1922, be and the same hereby is modified and corrected so as to give priority to the claim of the Collector of Internal Revenue for the District of West Virginia, for the use of the United States of America, against the Knob Coal Company, amounting to the sum of $38,653.90, over the claims of appellees, J. M. G. Brown and others, under the deed of trust dated the 3d day of January, 1921, and that the commissioner's report as to the amount of the Federal income and excess profits taxes, and its priority in payment over the debt of appellees, secured by said deed of trust, be and the same is confirmed and the exceptions thereto overruled."

In passing on the ground for dismissal, that the decree appealed from was not final, Judge LIVELY, speaking for the Court, said:

"On the second point, it is apparent that the decree of November 27, 1922, appealed from, is a final decree ascertaining all of the assets and adjudicating the rights and priorities of the parties, and that the subsequent decrees of sale and distribution in accordance with the decree fixing amounts and priorities simply carry into effect the former decree and make no change in the status of the parties. The decree of sale and distribution is dependent upon and ancillary to the final decree adjudicating the principles of the cause and the rights of the parties. *Richmond* v. *Richmond,* 62 W. Va. 206, 57 S. E. 736; *Hill* v. *Cronin,* 56 W. Va. 174, 49 S. E. 132."

After denial of a rehearing to the said respondents, the circuit court, over the protest of counsel for the Government, on November 18, 1924, entered the following order:

"This cause came on this day to be further and finally heard upon the papers heretofore read and considered, and upon the orders and decrees hereinbefore had and entered, and upon the mandate of the decision and the decision and opinion of the Supreme Court of Appeals rendered in this cause on the 26th day of February, 1924, and upon the

order of the Supreme Court entered on the 17th day of March, 1924, suspending the order entered on the 26th day of February, 1924, upon the filing of a petition for a rehearing, and upon the order entered in the Supreme Court on the 1st day of July, 1924, refusing the said petition for a rehearing and making its former decision rendered on the 26th day of February, 1924, final and absolute, all duly entered by the clerk of this court in this cause; and was argued by counsel.

"Pursuant to the said mandate and decision of the Supreme Court, it is adjudged, ordered and decreed that the decree entered in this cause on the 27th day of November, 1922, be, and the same is hereby modified and corrected so as to give priority to the claim of the Collector of Internal Revenue for the District of West Virginia for the use of the United States of America against the Knob Coal Company, amounting to the sum of $38,653.90, over the claims of J. M. G. Brown and others, the plaintiffs, under the deed of trust dated the 3d day of January, 1921, and that said decree entered on the 27th day of November, 1922, be, and the same is hereby, further modified and corrected so as to overrule the exceptions to the commissioner's report as to the amount of the Federal Income Taxes and Excess Profits Taxes and the priority thereof in payment over the debt of the plaintiffs, J. M. G. Brown and others, secured by said deed of trust, and so as to confirm the report of said Commissioner.

"The Court being further of the opinion that the decision of the said Supreme Court rendered in this cause on the 26th day of February, 1924, did not in any wise alter, impair or affect the decrees in this cause entered subsequently to the said decree entered in this cause on the 27th day of November, 1922, and did not alter, impair or affect the decree entered in this cause on the 6th day of April, 1923, confirming the sale and directing the distribution of the proceeds thereof, it is, therefore, adjudged, ordered and decreed that the special commissioners, Frank Cox, James R. Moreland and Edward G. Donley, mentioned in said last named decree; do disburse the proceeds of said sale as in said decree directed as fully and to the same extent as if the decree entered on the 27th day of November, 1922, in this cause had

not been appealed from and had not been modified
or corrected as above set forth by the said decision
of the Supreme Court.''

Thereupon, on application of the relator by petition, this
Court awarded an alternative writ of mandamus against I.
Grant Lazelle, Judge of the Circuit Court of Monongalia
County, forthwith to convene said court in special session
and then and there make and enter an order in said cause
modifying said decree of November 18, 1924, to the extent
that the said special commissioners may be therein and
thereby directed and ordered to pay to relator the sum of
$38,653.90, and accrued interest thereon, before making any
payment to the respondents J. M. G. Brown, Mary B. Brown,
Robert D. Hennen, Louise Reiner Hennen, Noah A. Moore,
Nettie E. Moore, Jesse V. Moore and Lona W. Moore, out of
the funds now in their hands, or which may hereafter be re-
ceived by them, as the proceeds of the sale of the property
theretofore sold in the suit; or show cause, if they can, why
he should not do so.   Respondent, I. Grant Lazelle, filed an
answer, basing his action in the entry of the decree of Octo-
ber 18, 1924, upon the cases of *Hopkins* v. *Prichard,* 59 W.
Va. 363, and *Birch River Boom & Lumber Company* v. *Glen-
don Boom & Lumber Company,* 71 W. Va. 139.   Respondents
J. M. G. Brown, Mary B. Brown, Robert D. Hennen, Louise
Reiner Hennen, Noah A. Moore, Nettie E. Moore, Jesse V.
Moore and Lona W. Moore, who intervened by petition, have
also answered and filed motion to squash the alternative
writ:

It is asserted, under the authority of *Hopkins* v. *Prichard*
cited, that the reversal of the decree of November 27, 1922,
did not affect the decrees of January 8, 1923, and April 6,
1923, although the two later decrees are mere incidents of
and wholly dependent upon the first one.

*Hopkins* v. *Prichard* involved a contest between social and
individual creditors in a suit to sell real estate for the pay-
ment of debts.   A decree in favor of the individual creditors
was appealed from to this Court.   By subsequent decrees,
not appealed from, the property was sold and the proceeds
distributed to the individual creditors in accordance with the
first decree.   The original decree having been reversed, the

circuit court thereupon entered a decree requiring payment
by the individual creditors to the social creditors of the pro-
ceeds from the sale of the property in keeping with the man-
date of this Court upon said reversal. It was held on appeal
from the last decree that the decrees of sale and distribu-
tion, not having been appealed from, took precedence over
the decision on appeal from the original decree. The follow-
ing distinction may be noted between the *Hopkins-Prichard*
case and the case of *J. M. G. Brown et al.* v. *American Gas
Coal Co. et al.* In the former the subsequent decrees were
not called to the attention of the Court, nor in any manner
involved upon the decision of the original decree from which
the appeal was taken; while in the latter case, the subsequent
decrees were a part of the record and the basis of a motion
to dismiss the appeal, whereby the very matters now relied
on by respondents were put in issue and determined. In
other words, the questions here raised are *res adjudicata.*
As already stated, the respondents J. M. G. Brown, Mary B.
Brown, Robert D. Hennen, Louise Reiner Hennen, Noah A.
Moore, Nettie E. Moore, Jesse V. Moore and Lona W. Moore,
argued, and properly so, on motion to dismiss that if the de-
crees of sale and distribution, which had not been appealed
from, should control, the reversal of the decree of November
27, 1922, would avail the Government nothing, and therefore
the appeal should be dismissed. *Birch River Boom & Lumber
Co.* v. *Glendon Boom & Lumber Co.*, 71 W. Va. 139, holds
that where it appears, pending an appeal, a reversal of the
decree appealed from will avail nothing by reason of the
entry of a subsequent decree, which has become unappeal-
able, the appeal will be dismissed. ''An appeal or writ of
error may be dismissed if, pending it, an event occurs which
makes a determination of it unnecessary, or renders it im-
possible for the appellate court to grant effectual relief.''
*Baker* v. *Tapan*, 56 W. Va. 349; *Bank of Raleigh, Trustee* v.
*Summit Coal Co.*, decided at this term. The overruling of
the motion to dismiss and reversal of the decree of Novem-
ber 27, 1922, in respect to the controversy between relator
and the respondents J. M. G. Brown, Mary B. Brown, Rob-
ert D. Hennen, Louise Reiner Hennen, Noah A. Moore, Net-
tie E. Moore, Jesse V. Moore and Lona W. Moore, establish

the law of the case conclusive of the rights of the parties. A fact necessarily involved in an issue, on which there has been a judgment, is thereby conclusively settled in any suit thereafter between the same parties and their privies. "All the authorities agree that if it appears from the record that a point in controversy was necessarily decided in the first suit, it can not be again considered in any subsequent suit." *Beckwith* v. *Thompson*, 18 W. Va. 103; *Tracey* v. *Shumate*, 22 W. Va. 474; *Blake* v. *Ohio River R. Co.*, 47 W. Va. 520, 35 S. E. 953.

If, however, the decisions in the two cases are inconsistent, as respondents necessarily contend, we are nevertheless bound by the decision of the Brown suit as the law of this case. Moreover, although I do not deem it necessary for a decision here, the other members of the Court are of opinion to disapprove as unsound the rule announced in the *Hopkins-Prichard* case.

The answer of the respondents J. M. G. Brown, Mary B. Brown, Robert D. Hennen, Louise Reiner Hennen, Noah A. Moore, Nettie E. Moore, Jesse V. Moore and Lona W. Moore charges that the order or decree contemplated by the alternative writ is inconsistent with the decision of this Court in the cause and "goes far beyond it and would subject the proceeds of property never liable to the payment of the lien of complainant (petitioner) as respondents are informed, and believe and aver." This defense, according to the brief of respondents, is based upon the fact that the properties of the three corporations were sold as a whole. There is no proof or claim, however, that the assets of the Knob Coal Company could not have been sold separately for a sufficient amount to satisfy in full the claim of the Government, according to its order of priority established by the former decree of this Court, nor that the equitable proportion of the entire purchase price which should be credited to the properties belonging to the Knob Coal Company, would not greatly exceed such amount. The facts involving this question being also before this Court in the chancery cause, it likewise necessarily was disposed of by the former adjudication.

It is also urged that a writ of mandamus should not be awarded against the Judge of the Circuit Court in the ab-

sence of an application to him for the entry of the order or decree sought by the alternative writ. There is no merit in this contention, it being conceded that the order complained of was entered by the circuit court against the urgent protest of counsel for the Government.

*Writ awarded.*