VAN STEENWYCK, Bank Comptroller, vs. CHARLES MILLER and others.

SAME vs. M. D. MILLER and others.

SAME vs. SAME.

SAME vs. SAME.

Where a party neglected to appeal from an order vacating a judgment in his favor, but nearly a year after it was made moved to set it aside and revive the judgment, and appealed from an order denying that motion : *Held*, that the appeal could not be sustained without a palpable evasion of the statute limiting the time for appeals from orders.

APPEAL from the Circuit Court for *Dane* County.

These appeals were taken from orders of said court refusing to set aside previous orders vacating judgments in favor of the plaintiffs in the several actions. The question presented will sufficiently appear from the opinion of this court.

*Winfield Smith*, Attorney General, for the appellant.

*J. H. Carpenter*, for respondents.

*By the Court*, DIXON, C. J. The sustaining of these appeals would be such a palpable evasion of the statute prescribing the time within which appeals from orders must be taken, that we are almost surprised that they should have been brought to this court. The orders vacating the judgments in the court below were made on the 10th day of June, 1862. The plaintiff acquiesced until the 13th day of May, 1863, when he procured an order in each case requiring the defendants to show cause why the former orders should not be set aside and the judgments revived. The orders to show cause were discharged, with costs, and the relief denied on the 25th day of May, 1863. The plaintiff appeals, and seeks to re-open the controversy upon the merits of the original orders, and to have the judgments re-instated. It is clear that this cannot be done. If it could be done after the lapse of one year, then it could be done at any time, and controversies would never be at rest.

The intention of the statute is to secure dispatch in the review of all orders from which an appeal is given, and we know of no way but to adhere strictly to it.

The appeals must be dismissed, with costs.