## PARKER VS. MCAVOY.

**APPEAL.** (1) *From judgment and from interlocutory order jointly, irregular.* (2–4) *Time for appeal from either, limited to two years from entry of judgment.*

1. On defendant's appeal from a J. P., the circuit court denied his motion for a trial *de novo*, and affirmed the judgment of the justice. Thereupon defendant gave notice of an appeal to this court, stating in such notice that the appeal was from the judgment and from the order denying a trial *de novo*. *Held*, that the appeal was *double*, and irregular for that reason, and must be dismissed on respondent's motion. 14 Wis., 190, 193; 17 id., 125.

2. Appeals from judgments in civil actions must be taken within two years from the entry thereof.

3. An appeal from an interlocutory order will not lie after the time for appealing from the judgment has expired.

4. The doctrine that the right to appeal from an order is not barred until the expiration of thirty days after service of a written notice of the making of such order (18 Wis., 320, 560; 29 id., 317), must be limited by the foregoing proposition.

APPEAL from the Circuit Court for *Grant* County.

Replevin, commenced in justice's court, where plaintiff had a verdict assessing the value of the property at $15, and damages for the detention at twenty-five cents. From a judgment in accordance with the verdict, defendant appealed to the circuit court, where his motion for a trial *de novo* upon the merits, made at the September term, 1871, was denied, and judgment entered affirming that of the justice. In March, 1874, defendant settled his bill of exceptions, and in April served notice of appeal, which was stated to be from the judgment and from the order denying the trial *de novo*.

The plaintiff now moves to dismiss the appeal for the reason that it was not taken in time, and because it is double.

*George C. Hazelton*, for appellant, upon the point, that the defendant was entitled to a trial *de novo* at the circuit, cited Tay. Stats., 1398, § 235; *McCaffrey v. Nolan*, 1 Wis., 361; *Weizen v. McKinney*, 2 id., 288.

*Clark & Chambers* and *Geo. C. Clementson*, for respondent, argued that the appeal, purporting to be both from the judgment and the intermediate order, was irregular and must be dismissed (*Sweet v. Mitchell*, 17 Wis., 125; *White v. Appleton*, 14 id., 190; *Chamberlain v. Sage*, id., 193); that if it was to be considered as a single appeal, from the judgment, it was too late, having been taken more than two years after entry of judgment (Tay. Stats., 1635, § 9); and that it was also too late though considered as an appeal from the order merely. Although, as a general rule, a party may appeal from an order "within thirty days after written notice of the making of the same," yet this cannot be construed to give him the right, after final judgment against him and after his time to appeal therefrom has expired, to disturb the judgment by an appeal from an interlocutory order, thus accomplishing by indirect means what the statute prohibits his doing directly. 2. As to the question of defendant's right to a new trial in the circuit court, counsel cited Tay. Stats., 1398, § 235; 1385, § 167; Laws of 1859, ch. 112, sec. 7; and *Bradley v. Morse*, 21 Wis., 680.

COLE, J. The motion to dismiss the appeal in this case must be sustained for the reason stated in the motion.

The notice of appeal states that the appeal is from the judgment and from the order denying the motion for a trial *de novo* in the circuit court. It is manifest that the appeal was double and clearly irregular, under the decisions in *White v. Appleton*, 14 Wis., 190; *Chamberlain v. Sage*, id., 193; and *Sweet v. Mitchell*, 17 id., 125.

In addition to this objection, if the appeal could be held good either as an appeal from the judgment or order, then it was taken too late.  The record shows that judgment was rendered in the cause on the 29th day of September, 1871; also, that no appeal papers were served until April, 1874. Appeals from judgments in civil actions must be taken within two years from the entry thereof.  This is the express language of the statute.    Tay. Stats., 1635, § 9.    If the appeal be considered as taken from the order, it is equally obvious that it was barred by lapse of time.  For, as it is forcibly argued by counsel for the respondent, it would be a strange and most unreasonable construction of the appeal statute, to hold that it gave a party the right to appeal from an interlocutory order after the period for appealing from the final judgment had expired.  The provision in question leads to no such absurd consequences.  True, we have held that the right to appeal from an order was not barred until the expiration of thirty days after service of a witten notice of the making of the order upon the party appealing.  *Van Steenwyck v. Miller*, 18 Wis., 320; *Corwith v. The State Bank*, id., 560; *Couldren v. Caughey*, 29 id., 317.  But the doctrine of those cases has no application to an appeal from an interlocutory order where the period for appealing from the final judgment had expired, and should not be so understood.  For if a party could appeal from such an order after the lapse of two years, it is difficult to see any reason for denying his right to appeal at any time, and litigation in the cause would never end.

*By the Court.* — The appeal is dismissed.