JARVIS vs. HAMILTON.

APPEAL FROM ORDER. *After judgment, must be made within what time.*

1. If, in a proceeding after judgment, several orders are made, ending in one finally disposing of the subject, no appeal is given by statute except from such *final* order.
2. An appeal from an order made after judgment must be taken within thirty days after written notice of such order (Tay. Stats., 1635, § 9); and no appeal from such an order will be entertained if not taken *within two years* after the making thereof, in analogy to the statutory limitation of appeals from judgments.

APPEAL from the Circuit Court for *Dane* County.

Appeal from an order denying a motion to set off judgments between same parties. The order was entered November 25, 1868. No notice of entry was given. The appeal was taken in August, 1874.

*R. B. Smith*, for appellant. [No brief on file.]

*Smith & Lamb*, for respondent, argued that an appeal would not lie to an interlocutory order, after the expiration of two years from the entry of judgment. *Parker v. McAvoy*, 36 Wis., 322; *Codman v. Rogers*, 10 Pick., 112, 119; *Stafford v. Richardson*, 15 Wend., 302. Whether judgments should be set off is a matter of *discretion*, not legal right. *Taylor v. Williams*, 14 Wis., 155. And from an order resting in discretion no appeal lies. *Tallman v. Hinman*, 10 How., 89. The judgments should not be set off, as they were wholly for costs, and did not equitably belong to parties, but to attorneys and officers. *Taylor v. Williams, supra; Martin v. Hawks*, 15 Johns., 405; *Howard v. Osceola*, 22 Wis., 453.

RYAN, C. J. In *Parker v. McAvoy*, 36 Wis., 322, it was held that in the case of an interlocutory order, of which notice had not been given to put the thirty days limitation of the statute in motion, the right of appeal expired with the right to appeal from the judgment; upon the ground that the right of interlocutory appeal could not properly survive, and was not intended by the statute to survive, the final right of appeal from the judgment. That rule, however, cannot govern the present case, in which the order appealed from was made after judgment. Many orders may well be made, as this was, more than two years after judgment, from which the statute gives an appeal. If proper notice of such orders be given, they are undoubtedly subject to the thirty days limitation. But if such notice be not given, there is not in the statute any express limitation of the right of appeal given. And yet the statute should not be construed as giving, in any case, an unlimited right of appeal, if it can be avoided. *Parker v. McAvoy, supra.*

The orders after judgment which are appealable by the statute, are *final* orders affecting a substantial right. If, in a proceeding after judgment, several orders are made, ending in one finally disposing of the subject, no interlocutory appeal is given; it is from the final order only that an appeal is given. Such final order, in such a proceeding, performs the office of a *quasi* judgment, from which an appeal will lie, in proper cases, as from a judgment. And, by analogy, the right of appeal, when not limited by notice to thirty days, must be held subject to the same limitation as appeals from judgments. It would be an unreasonable construction of the statute that the time for appealing from such final orders should, in any contingency, exceed that given for appeals from judgments. See *Bank v Newton*, 23 N. Y., 160; *King v. Platt*, 34 How. Pr., 26.

The present appeal was taken over five years after the entry of the final order appealed from, and must therefore be dismissed.

*By the Court.* — It is so ordered.