Barton v. Long.

ISAAC BARTON, appellant,

*v.*

JAMES LONG et al., respondents.

1. It is the notice of appeal filed in the court of chancery that is the appellate act giving the court of appeals cognizance of the case.

2. The chancellor, after an appeal from an interlocutory order, may proceed to final hearing according to the rule of his court; but the party taking such final decree will run the risk of its being set aside if the interlocutory order shall be reversed by the higher court.

Motion to dismiss appeal.

*Messrs. Bergen & Bergen,* for the appellant.

*Messrs. Grey & Grey, contra.*

The opinion of the court was delivered by

BEASLEY, C. J.

Motion is made to dismiss the appeal taken from an interlocutory decree, the basis of the application being, that the appeal was not taken within the statutory period of forty days after the filing of the decree appealed from. The facts are, that the notice of appeal was filed in the court of chancery within the forty days, but the petition of appeal was not filed in this court until after the expiration of such period.

On the part of the counsel of the respondents, it is contended that it is the petition of appeal filed in this court that constitutes

Barton *v.* Long.

the effective appellate act, and that until such act be done there is no appeal.

But this court entertains the opposite view. We think that it is the notice of appeal in the court of chancery that is possessed of complete appellate efficacy, so much so, that when such notice has been filed, the cause to which it relates is, *ipso facto*, placed under the control of this court. The language of the rules of the court, existing from the earliest times, cannot be harmonized with any other view. The petition of appeal subsequently filed in this court is in the nature of a pleading tending to form an issue.

This conclusion validates the appeal in the present instance.

The power of the chancellor to proceed to a final decree during the pendency of an appeal from an interlocutory decree was challenged on the argument. That such right exists, however, is plain. The rules of chancery provide for and regulate such procedure, and those rules, and the practice under them, have been tacitly recognized and assented to, from a very remote period, by this court. It would seem that it would be competent for this court to put this procedure under its own regulation, but this has not been done, and this court has acquiesced in the methods established by the chancellor, and which, while they are permitted to remain in force, must be deemed unobjectionable. But it is clear that the party who proceeds with the cause in the court of chancery before the decision of the appeal from the interlocutory order, will incur the hazard necessarily incident to such a step; for if the interlocutory order be reversed, and the error thus rectified shall have deprived the appellant of a right which would have benefited him on the final hearing, it is obvious that the final decree, under such circumstances, could not stand.

In view of the circumstances presented to us, we also think that the appeal from the final decree in this case should not be dismissed.

The motion, therefore, in both of its aspects, is refused.

*Motion unanimously refused.*