HATCH & ESSENDRUP COMPANY *vs.* JOSEPH T. SCHUSLER.

## May 12, 1891.

**When Demurrer may be Stricken Out as Frivolous.**—A demurrer should not be struck out as frivolous unless it be manifest from mere inspection, and without argument, that there was no reasonable ground for interposing it, and hence that it was presumably put in in bad faith, for mere purposes of delay.  It should not be struck out where there is such room for debate, as to the sufficiency of the pleading demurred to, that an attorney of ordinary intelligence might have interposed a demurrer in entire good faith.

Plaintiff brought this action in the district court for Ramsey county, alleging in its complaint that on February 8, 1890, one Powers, a tailor in St. Paul, was and had long been insolvent and was contemplating an assignment of his property, all which the defendant then well knew; and on that day Powers, intending to cheat plaintiff, to obtain the goods without paying for them, and to defraud plaintiff out of the price, represented to plaintiff (which was a dealer in woollens and tailor's trimmings) that he had three customers in his store waiting to select and purchase suits of goods, and that he desired to obtain certain goods from plaintiff to show to such customers, all which representations were false; that plaintiff believing and relying on the representations, and without knowledge of the fraudulent intentions of Powers, delivered to him woollen goods of the value of $326.31; that Powers took and received the goods with the intention of not paying for them and converting them to his own use, and, pursuant to such intent, and on the same day, he delivered all of the property to defendant, who then had knowledge of plaintiff's ownership of them and of Powers's fraudulent intent and purpose; and that

the defendant then and there received the goods and converted them to his own use, and, though often requested, refuses to deliver them to plaintiff, to plaintiff's damage in the sum of $326.31. A general demurrer to the complaint was, on plaintiff's motion, stricken out as frivolous by *Kelly*, J., and judgment was ordered and entered for the plaintiff. The defendant appeals separately from the order and from the judgment.

*Willis & Nelson* and *H. Barton*, for appellant.

*John D. O'Brien*, for respondent.

MITCHELL, J. To warrant striking out a demurrer as frivolous, it is not enough that the court, after argument and deliberation, is of opinion that it is not sustainable. To justify so summary a procedure, it must be clear, from a mere inspection of the pleading and without argument, that there was no reasonable ground for interposing the demurrer, and hence that it was presumably put in in bad faith, for mere purposes of delay. Striking out a demurrer as frivolous is a sort of penalty for bad faith or inexcusable ignorance of law, and should never be inflicted where there is such room for debate as to the sufficiency of a pleading that an attorney of reasonable intelligence might have interposed a demurrer to it in entire good faith. Tested by this rule, we think the demurrer in this case ought not to have been stricken out. The complaint is, to say the least of it, a very loose and inartistic pleading. It contains no allegation, unless inferentially, of plaintiff's ownership of the property, which was a material fact, whatever may have been the precise nature of the cause of action which he intended to allege. It is also open for debate whether plaintiff intended to allege that Powers (defendant's assignor) obtained possession of the property merely as bailee for a pretended temporary purpose, or that he bought it on credit, with the fraudulent intention of not paying for it. If the latter is what the pleader intended, he has omitted to allege that the goods have never in fact been paid for. The defendant has taken two appeals,—one from the order striking out the demurrer, and the other from the judgment entered pursuant to the order. This was wholly uncalled for, and no such practice should be encouraged. Therefore the appeal from the order is dismissed, but the judgment appealed from is reversed.