tion for the season. So the fact that the sale was for $7,000 more indicates that a new negotiation was undertaken. A vendor whose offer is refused as too high, does not ordinarily as a part of the same negotiation raise his price. It is said the proof does not show that Dodd reported his action to the purchaser. The law presumes without proof that an agent reports to his employer. (Story Agency, §§ 160, 208.) So strong is that presumption that knowledge of the agent is notice to the principal. The judgment must be affirmed, with costs. DYKMAN, J.: This is an action for the recovery of commissions for the sale of the steam ferry boat *F. P. James.* The claim was contested upon two grounds : *First,* that the plaintiff was not employed to make the sale, and, *second,* that the sale was not made by him. There was no direct proof of employment, but there was testimony and there were circumstances from which an employment might fairly be inferred. There was much conflict in the testimony, but the case was one peculiarly for the jury, and it was submitted in a plain and correct charge by the trial judge, and both questions were found in favor of the plaintiff. The counsel for the respondent took the position that there was no certificate that the case contained all the evidence, but the point was waived on the argument, and we have examined the case as though it contained all the testimony. There being testimony sufficient to sustain the verdict we cannot interfere with the verdict. The judgment and order denying the motion for a new trial upon the minutes of the court should be affirmed, with costs. Barnard, P. J., concurred. Judgment affirmed, with costs.

The First National Bank of Sing Sing, Respondent, v. Thos. H. Chalmers and Another,

Appellants.— PRATT, J.: The testimony sustains the findings that defendants, for a good consideration, agreed with plaintiffs and with Spruce and Leary to pay the debt owing to the bank. That is the only issue in the case, and the judgment must be affirmed, with costs. Judgment affirmed, with costs.

Vernon Travis, Respondent, v. Edward L. Gallon, Appellant. —DYKMAN, J. : This action was tried first in a court of a justice of the peace, where the plaintiff obtained a verdict. Then on appeal to the County Court of Westchester county there was another trial, and the plaintiff again obtained the verdict. The action was for service rendered by the plaintiff to the defendant, and the chief controversy upon the trial arose over the question of payments made to the plaintiff. That was an affirmative defense, and although we would have been better satisfied with a verdict for the defendant, yet we cannot say that the payments were so fully established as to justify us in reversing the judgment. There was a sharp contradiction of the testimony of the defendant, and the jury must have disregarded it to a very great extent. We can see no reason for such unbelief, but we cannot say there was none. We reach this conclusion with hesitation, but we cannot say the verdict is so plainly against the preponderance of evidence as to justify an appellate court in interfering therewith. The judgment and order denying the motion for a new trial should be affirmed, with costs. Barnard, P. J., concurred. Judgment affirmed, with costs.

Edson C. Jennings v. The D. G. Barton Company. —Reargument ordered. Dykman, J., not sitting.

The People of the State of New York v. John Craig. —Appeal dismissed.

---

## FIRST DEPARTMENT, MAY TERM, 1893.

Ricot J. Dovale v. Bernard L. Ackerman, Sr., and Others. —Having consulted with Messrs. Justices Bartlett and Barrett, we think this application should be granted.

In the Matter of the East River Bridge Company. —Reserving all questions as to the validity and sufficiency of the statute until the coming in of the report of the commissioners to be appointed upon this application, the Court grants the motion.

Yellow Pine Company, Respondent, v. Thomas Kane, Appellant. — PER CURIAM : The order must be affirmed, with ten dollars costs and disbursements. Present, Van Brunt, P. J., Follett and Barrett, JJ. Order affirmed, with costs and disbursements.

Ambrose G. Agate v. Caroline E. House, Individually and as Executrix, etc. — PER CURIAM : We are of opinion that upon the reversal of the interlocutory judgment, and the ordering of new trial in the action, the final judgment, whose only foundation was the existence of the interlocutory judgment, necessarily fell ; and that the Special Term should have stricken said judgment from the record, and upon motion being made for such relief. In view of the denial of such application by the Special Term, with permission to apply to the General Term, although we think it was entirely unnecessary under the prayer for further and other relief contained in the motion papers herein, we think the motion should be granted striking from the record the said final judgment. Present, Van Brunt, P. J., Follett and Barrett, JJ.

Catharine A. Faure and Others, Appellants, v. The American Society for the Prevention of

Cruelty to Animals, Respondent. — Catharine A. Faure and Others, Appellants, v. Edwin Bergh, Jr., and Others, Executors, etc., Respondents. PER CURIAM : The judgment in each case sustaining the demurrer and dismissal of the plaintiff's complaint should be affirmed, with costs, the plaintiff having appealed and put the defendants to the labor and expense of preparing their points. But the orders granting extra allowances should be modified by reducing such allowances to $250 in each case. Present, Van Brunt, P. J., Follett and Barrett, JJ. Judgment in each case sustaining the demurrer and dismissing plaintiffs' complaint affirmed, with costs. The orders granting extra allowance modified by reducing such allowances to $250 in each case.

The People of the State of New York, Appellant, v. Joseph Kuntz, Respondent.— Conviction affirmed; no opinion.

Rosalie E. Forbes, Appellant, v. John E. Forbes, Respondent.— Order affirmed, without costs.

John Cahill, as Executor, etc., v. Mary A. Russell and Others.— Motion granted.

Alexander McP. Edmond, Appellant, v. The Alexander Smith and Sons Carpet Company, Respondent.— Motion granted by default.

The Holland Trust Company, Appellant, v. Edward S. Farron, Respondent, Impleaded, etc.— PER CURIAM : We think the excuse presented by the plaintiff for not bringing this case to trial was sufficient to justify the denial of the motion upon plaintiff placing the case upon the calendar and paying ten dollars costs of motion. The order should, therefore, be modified by providing that upon the payment