### SCHIECK v. DONOHUE et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. FINAL JUDGMENT—VACATION—REVERSAL OF INTERLOCUTORY JUDGMENT.

Defendant, on reversal of interlocutory judgment sustaining a demurrer to a defense in the answer, is entitled to vacation of the final judgment based on the interlocutory judgment, without appealing from the final judgment.

2. MORTGAGE FORECLOSURE—VACATION OF JUDGMENT—RESTITUTION OF PROPERTY.

Though defendant is entitled to vacation of final judgment for plaintiff in an action to foreclose a mortgage on reversal of the interlocutory judgment sustaining a demurrer to a defense in the answer, he is entitled to an order of restitution of the property sold, if at all, only in a proceeding to which the purchaser is a party; and that after trial of the issue raised by the answer, plaintiff alleging, and it not being denied, that he is able to respond for any injury sustained by defendant because of the sale.

Appeal from Special Term, New York county.

Action by August Schieck against Annie Donohue and others. From an order denying motion to vacate judgment, and for restitution of property, defendant Annie Donohue appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

J. Wilson Bryant, for appellant.
John E. Brodsky, for respondent Toensing.
Peter Cook, for respondent Schieck.

INGRAHAM, J. The action was brought to foreclose a mortgage made by the appellant to secure the sum of $2,000, with interest. The mortgage was due on the 6th day of April, 1905, and it contained a clause that if there was default in the payment of the interest for 30 days the principal sum should at once become due at the option of the mortgagee. The complaint alleged that the interest upon said bond and mortgage which became due and payable on the 6th days of April and October, 1901, had never been paid, and that more than 30 days had elapsed since the same became due and payable, and that the plaintiff had elected that the whole principal sum should

be immediately due. The defendant Donohue answered, denying the fifth and sixth paragraphs of the complaint, and as a separate defense alleged a tender of the full amount of interest due in cash, and that the said plaintiff deliberately and willfully refused to accept the same. This defense was demurred to, which demurrer was sustained by the Special Term, whereupon the plaintiff made a motion for judgment of foreclosure and sale, and final judgment was entered on April 7, 1902. The defendants appealed to this court from the interlocutory judgment sustaining the demurrer, and that appeal resulted in a reversal of the interlocutory judgment, and the demurrer was overruled. Schieck v. Donohue, 77 App. Div. 321, 79 N. Y. Supp. 233. The order of the Appellate Division reversing the interlocutory judgment allowed the defendants to serve an amended answer upon payment of costs, and the defendants, acting under this leave, served an amended answer and tendered the costs. The defendant Donohue thereupon moved to vacate the final judgment, which motion was denied, and from the order entered thereon the defendants appeal.

We think this motion should have been granted. Upon the reversal of the interlocutory judgment sustaining the demurrer, there was an issue upon the pleading to be tried before the plaintiff was entitled to final judgment, and the judgment that has been entered based upon this interlocutory judgment, subsequently reversed, necessarily fell with the reversal of the interlocutory judgment. The final judgment entered was without authority to support it, and the defendant, who had interposed an answer which set up a defense to the action, is entitled to have the validity of that defense disposed of upon a trial. If the plaintiff proceeded upon an interlocutory judgment and obtained a final judgment based upon it, where the interlocutory judgment was subject to review by the appellate court, that final judgment is subject to be set aside upon a reversal of the interlocutory judgment upon which it was based. The final judgment does not recite that it was entered on notice to the attorney for the defendants. There is a statement in the affidavit of the plaintiff's attorney in opposition to this motion, that after the time allowed by the interlocutory judgment for the defendant to amend had expired, there being no stay, the plaintiff, "upon due notice, applied for final judgment," and that upon this application for final judgment the defendant's attorney raised the objections to the regularity of the plaintiff's proceedings relied upon on this motion, and that these objections were overruled and the application granted, and a referee was appointed to compute the amount due. It was upon the referee's report that final judgment was entered. The defendant was not bound to appeal from the final judgment to raise the question presented by the determination of the demurrer to her answer, but was entitled upon the reversal of that interlocutory judgment to have the final judgment entered thereon vacated.

The defendant also asks to be awarded restitution of the property sold under the final judgment that was entered, and that the purchaser account for the rents and profits collected by him from the time he took possession of the premises. Although the purchaser was required by the order to show cause why the application

should not be granted, this order and the motion papers were not served upon him. He was not, therefore, a party to the proceeding. It appeared that upon the sale of the premises in August, 1902, under the final judgment, the property was bid in by the plaintiff, who immediately assigned the bid to one Toensing, who subsequently complied with the terms of the sale and paid, as the consideration of the deed of the premises, the sum of $3,100, and subsequently paid the taxes and other sums for repairs to the property, and interest on the first mortgage, which was superior to the mortgage foreclosed by the plaintiff. It is quite apparent that the court below was correct in refusing to award restitution of the premises upon this application. It is not necessary to determine whether the title to this purchaser is protected by sections 1291 and 1323 of the Code of Civil Procedure. That question can only be settled in a proceeding to which the purchaser is a party; and such restitution should not be awarded until after the issues raised by the answer have been tried and it is finally determined that the plaintiff is not entitled to a judgment directing a sale of the property. It is alleged by the plaintiff, and not denied, that he is amply responsible and able to respond to the defendant for any injury that she has sustained in consequence of the sale of the property; and we think the final disposition of the question as to whether or not this defendant is entitled to a restitution of the property should await the final determination of the action.

It follows that the order appealed from must be reversed so far as it denies the motion to vacate the final judgment, and to that extent the motion should be granted, with $10 costs and disbursements of appeal and $10 costs of motion, and that in other respects the order appealed from should be affirmed. All concur.