# CHARLESTON

BIRCH RIVER BOOM AND LUMBER Co. v. GLENDON BOOM AND LUMBER Co. el al.

Submitted March 7, 1911.    Decided October 22, 1912.

1. MARSHALING ASSETS AND SECURITIES—*Scope of Remedy.*
   To invoke the doctrine of marshaling securities both sources, of payment must belong to a common debtor. (p. 141).

2. SAME.
   Securities will not be marshaled to the injury of one over whom the party asking the marshaling has no superior equity. (p. 142).

3. APPEAL AND ERROR—*Appeal from Interlocutory Decree—Review.*
   An appeal from an interlocutory decree does not bring up for review a subsequent final decree though the latter was entered prior to the appeal. (p. 142).

4. SAME—*Dismissal—Dissolving Injunction.*
   When the error, if any, in an interlocutory decree dissolving an injunction has been merged in a final decree denying relief and dismissing the bill, an appeal from the former alone will be dismissed if it appears that the latter is unappealable by lapse of time. (p. 142).

Appeal from Circuit Court, Braxton County.

Bill by the Birch River Boom & Lumber Company against the Glendon Boom & Lumber Company and others. Decree for defendants, and plaintiff appeals.

*Affirmed in part. Dismissed in part.*

*Jake Fisher,* for appellant.

*Hall Bros.,* for appellees.

ROBINSON, JUDGE:

Plaintiff, the Birch River Boom and Lumber Co., by this suit in equity obtained the appointment of a receiver for certain property of defendant, the Glendon Boom and Lumber Co. The property embraced in the receivership was the personal property

which plaintiff had sold to Austin, Neib and Yarlett and which these last named parties had sold or transferred to the Glendon Boom and Lumber Company. The receivership was granted on the ground that plaintiff, when it sold the property to Austin, Neib and Yarlett, retained a vendor's lien thereon for a large sum of unpaid purchase money; that Austin, Neib and Yarlett and the Glendon Boom and Lumber Co. were insolvent; that the business and property of the Glendon Boom and Lumber Co. had been deserted by it and those interested in the management of its affairs; and that creditors by execution and otherwise were proceeding to subject the property to forced sale, so that plaintiff's claim for purchase money could only be conserved and the rights of all creditors fairly protected by the interposition of a receiver. Only property which had been transferred from the plaintiff company to the defendant company through Austin, Neib and Yarlett was brought within this receivership. It embraced simply the property that related to the vendor's lien claimed by plaintiff.

Prior to the appointment of the receiver, an execution in favor of Gallaher had been levied on the property to which that appointment related. The levy of the Gallaher execution extended also to property not within the receivership. This outside property was also levied on subsequently to the Gallaher levy by other execution and attaching creditors. There was no further effort to enforce the Gallaher process as to the property not within the receivership. Perhaps Gallaher was satisfied that his levy covered property in the custody of the receiver amply sufficient for the recovery of his debt therefrom in the receivership proceedings; for undoubtedly his lien on it was prior to plaintiff's lien since the bill admits that the latter was not recorded. But as to his reasons in the premises we need not concern ourselves. It suffices to say that the other creditors went on to sales of this outside property under their writs, without contest at the time on the part of Gallaher whose levy was also the prior one on that property.

Later, plaintiff filed an amended and supplemental bill bringing in these other creditors, the officer executing the writs, and the purchasers at the sales thereunder, seeking to make them account for their acts in the premises. One theory of this bill

was that the property with which these parties had dealt belonged to the receivership; another, that, the property being subject first to the Gallaher levy, plaintiff could cause it to be applied to the Gallaher debt so as to relieve the other property to that extent and thereby enhance the security of plaintiff's lien. On the amended and supplemental bill an injunction was obtained restraining and inhibiting Elder, Marple and Frame, who had purchased at the officer's sale, from "removing and otherwise interfering with the logs, lumber and other personal property belonging to the defendant Glendon Boom & Lumber Co., on the 26th day of February, 1909." The date named was that on which the receivership had been ordered by the court.

Soon thereafter the case was heard on motions to dissolve the injunction, answers and affidavits. The court entered an order dissolving the injunction "as to all property not purchased by the Glendon Boom & Lumber Co. from the Birch River Boom & Lumber Co., as to the purchasers of the property aforesaid." From this order plaintiff has prosecuted appeal and supersedeas as to Elder, Marple and Frame.

The court did right in dissolving the injunction. The answers and affidavits show that the property purchased by Elder, Marple, and Frame did not belong to the receivership. So that phase of the case was rightly settled. It is quite clear from the verbiage of the orders awarding and dissolving the injunction that the court meant to confine its action in each particular to the property within the receivership. Then, as to the other phase. Even plaintiff's bills made no case warranting a marshaling of the Gallaher lien. Whatever may be the efficacy of a reservation of vendor's lien in a duly recorded writing transferring personal property, a point on which we express no opinion, certain it is that the unrecorded lien claimed by plaintiff could be no more than a mere equity, good between the parties to the vending as to which the reservation of lien related, but not good as to those having no actual notice thereof. *Cole* v. *Smith*, 24 W. Va. 287. It was good as between plaintiff and Austin, Neib, and Yarlett, but the fact does not appear that it was good as to the Glendon Boom and Lumber Company. For the lien to be good against the latter, that company must, at the least, have had notice of it when the property was taken

over from Austin, Neib and Yarlett. Notice in this particular
is not shown. How then can plaintiff maintain that it has the
right to assert such a lien by a marshaling of the Gallaher
lien? The lien debtor is not a common one. To invoke the
doctrine of marshaling securities both sources of payment must
belong to a common debtor. 9 Enc. Digest Va. & W. Va. 599;
1 Jones on Liens, (2nd ed.) 1046. But in this case the Glendon
Boom and Lumber Company, the lien debtor of Gallaher, is not
the lien debtor of plaintiff; for, the Glendon Boom and Lumber
Company took over the property without notice of the lien re-
served by plaintiff in the sale to Austin, Neib, and Yarlett. Thus
the property of the Glendon Boom and Lumber Company is not
bound for the payment of that lien. It is not a source of pay-
ment therefor. The lien does not exist as to the Glendon Boom
and Lumber Company. Indeed it does not appear from the
record that the Glendon Boom and Lumber Company ever as-
sumed in any way to pay this purchase money debt of Austin,
Neib, and Yarlett.

But were it shown that by reason of notice the lien claimed
by plaintiff continued on the property as to the Glendon Boom
and Lumber Company, how could that lien be marshaled, to the
detriment of the creditors holding liens on the other property?
They are not shown to have had notice of plaintiff's lien when
they acquired their liens on this other property. Unless they
had notice of the lien, they had no notice of any equity whereby
it could be protected by a marshaling. We need not say
whether notice of plaintiff's unrecorded lien would be good as to
these creditors even if they had notice of it. The fact suffices
that notice does not appear. So plaintiff showed no superior
equity whereby it could cause the marshaling it sought. It
could not cause a shifting of the Gallaher lien from the one
property to the detriment of the diligently acquired legal liens
on the other property, though those liens were subsequent to that
of Gallaher, unless it showed an equity superior to the rights of
the holders of those liens. In any event, plaintiff's equity could
not be superior to the rights of other lien holders having abso-
lutely no notice of it when they acquired their liens. "One
thing is very clear, that securities will never be marshaled to
the injury of those persons over whom the party claiming the

benefit of the principle has no superior equity." *Lee* v. *Swepson,* 76 Va. 173.

Before the appeal and supersedeas was obtained, the court had entered a decree denying the relief prayed for and dismissing the bills as to Elder and Frame. No appeal was sought or granted as to this final decree. The appeal, as we have stated, was confined solely to the interlocutory order dissolving the injunction as to Elder, Marple, and Frame. It did not bring up for review this subsequent decree settling the cause as to Elder and Frame, though that decree was entered prior to the appeal. *Hopkins* v. *Prichard,* 59 W. Va. 363. The record discloses that the 'limit has expired in which there could have been appeal from the final decree as to Elder and Frame. Even if there had been error as to them in dissolving the injunction, it would have been merged in the final decree which now stands unappealable. We would not reverse as to Elder and Frame, for that would be vain, since the final decree dismissing the suit as to them is unassailable because of lapse of time. "An appeal or writ of error may be dismissed if, pending it, an event occurs which makes a determination of it unnecessary, or renders it impossible for the appellate court to grant effectual relief." 3 Cyc 188; 2 Enc. U. S. Sup. Ct. Rep. 289-292; *Baker* v. *Tappan,* 56 W. Va. 349.

However, the final decree ending the cause as to Elder and Frame does not include Marple. So we must take cognizance of the appeal as to him. And we have shown that no error was committed in dissolving the 'injunction by which he was restrained from removing the lumber he had purchased at the sales made by the officer. It may be said that Marple had not answered the amended and supplemental bill—had made no defense in the cause. That does not matter. The answer and affidavits of Elder, under whose writs he purchased, and under whom he holds, made a complete case for him.

As to Elder and Frame the appeal will be dismissed; as to Marple the order complained of will be affirmed.

*Affirmed in part. Dismissed in part.*