FRANK v. ROWLAND & SHAFTO, Inc., et al. (No. 20.)

(Supreme Court, Appellate Division, First Department. June 11, 1915.)

APPEAL AND ERROR ⊜⇒74 — INTERLOCUTORY JUDGMENT — MERGER IN FINAL JUDGMENT.

An appeal from an interlocutory judgment merged in the final judgment is not authorized, but the interlocutory judgment can only be reviewed on appeal from the final judgment, with a statement in the notice of appeal of a wish to review the interlocutory judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 415, 417–425; Dec. Dig. ⊜⇒74.]

Appeal from Special Term, New York County.

Action by Adam Frank against Rowland & Shafto, Incorporated, and Charles F. H. Johnson. From an interlocutory judgment in favor of plaintiff, defendants appeal. Dismissed.

See, also, 152 N. Y. Supp. 1112.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Adam Frank, of New York City, for the motion.

John V. Judge, of New York City, opposed.

PER CURIAM. The defendant having failed to appeal from the interlocutory judgment before the entry of final judgment, and the interlocutory judgment having been merged in the final judgment, the only appeal which could then be taken was from the final judgment. The defendant then had the right to review the interlocutory judgment on appeal from the final judgment, by inserting in his notice of appeal a statement that he wished to review the interlocutory judgment. Bates v. Holbrook, 89 App. Div. 548, 85 N. Y. Supp. 673.

As this appeal is from the interlocutory judgment, taken after the entry of final judgment, such appeal is not authorized, and it must therefore be dismissed, with $10 costs.