## MATHEW M. GASSER v. WILLIAM M. SPALDING AND OTHERS.[1]

October 16, 1925.

No. 24,750.

**When appeal can be taken from order refusing to vacate judgment.**

An order refusing to vacate an unauthorized judgment is appealable, but one refusing to vacate a judgment authorized by order, the argument being that the judgment was erroneous rather than unauthorized, is not appealable. In such a case, the statutory appeal from the judgment itself is exclusive.

See Appeal and Error, 3 C. J. pp. 522, 525, § 355.

Action for partition in the district court for St. Louis county. Plaintiff appealed from an order, Grannis, J., denying his motion to vacate a judgment of dismissal entered for want of prosecution. Appeal dismissed.

*Arnold, Hollister & Arnold,* for appellant.

*Jaques & Hudson, Crassweller & Crassweller, W. S. Telford,* and *Baldwin, Baldwin, Holmes & Mayall,* for respondents.

[1]Reported in 205 N. W. 374.

STONE, J.

Action for partition commenced in 1912 and tried and submitted to Honorable Josiah D. Ensign, then one of the judges of the Eleventh judicial district, in 1913. No findings of fact and conclusions of law were ever made, but the record evidences an informal oral decision. In 1919 plaintiff's attorneys submitted to the judge proposed findings of fact and conclusions of law which, insofar as they called for a sale of the property and a division of the proceeds, are said to have been out of harmony with the announced position of the court.

After the retirement of Judge Ensign on January 3, 1922, no effort was made to prosecute the case to determination until March, 1924, when it was placed on the calendar for trial. A motion to dismiss for want of prosecution was granted and judgment of dismissal entered on April 5, 1924. Thereafter and on May 28, plaintiff made a motion for an order vacating the judgment and taxation of costs and for a further order which, if made, would have been for a new trial. This appeal is from the order denying that motion.

The judgment was for dismissal, nothing more. There were no subsequent events giving rise to any new issues not determined by the judgment. The judgment was authorized by the order and was itself appealable. By an appeal therefrom the order for the judgment could have been reviewed. We consider that right of appeal exclusive under our statute (section 9498, G. S. 1923), of the one here sought to be used. Certainly it was not the intention of the legislature, in providing for an appeal from a judgment and limiting the time for it to six months, to leave open the method of review at any time by a motion to vacate and an appeal from the order denying it.

Counsel for appellant are right in asserting that "an order refusing to vacate an unauthorized judgment is appealable," citing Piper v. Johnston, 12 Minn. 27 (60), and Kelly v. Anderson, 156 Minn. 71, 194 N. W. 102. They overlook, however, the effect of the qualification, "unauthorized." This judgment was authorized by an order directing it to be entered. The argument here really is to

the effect, not that the judgment of dismissal was unauthorized, (as would be the case in the absence of a proper order, verdict or report of a referee), but only that it was erroneous, a very different matter. An unauthorized judgment may be vacated on motion but one which is authorized but erroneous should be reviewed only by an appeal from the judgment itself.

"The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion." Black, Judgments (2d ed.) § 329, citing, inter alia, State v. Horton, 89 N. C. 581, wherein the court said "The court had jurisdiction and authority to grant the judgment. As it appears in the record before us, the judgment was erroneous, and such a judgment cannot be set aside at a subsequent term * * * because of such rulings as render it simply erroneous. * * * The defendant, if there were such errors as he suggests, ought to have appealed in due time from the judgment."

If the appeal here attempted were permissible, it would be under subdivision 7 of section 9498, G. S. 1923, permitting an appeal "from a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment." Plaintiff is not within the scope of that language because he had no right, substantial or otherwise, to have the district court review its order for judgment by a motion to vacate the judgment.

By way of limitation, it is to be observed that we are not now concerned with cases arising under section 9283, G. S. 1923, vesting in the district court a discretion, at any time within one year after notice thereof, to "relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." Neither is it a case under that sec-

tion of "good cause shown" for setting aside the judgment. One such "good cause" is fraud in procuring the judgment. Young v. Young, 17 Minn. 153 (181). Nor is it a case where a motion to modify or vacate is predicated upon events subsequent to the judgment, a situation which formerly would have been made the subject matter of a writ audita querela. Compare Piper v. Johnston, supra, and North v. Webster, 36 Minn. 99, 30 N. W. 429.

The appeal is dismissed.