## JOHN T. JOHNSON AND ANOTHER v. UNION SAVINGS BANK & TRUST COMPANY.[1]

March 13, 1936.

No. 30,615.

See 193 Minn. 357, 258 N. W. 504.

*Nels Quevli*, for appellants.

*E. H. Nicholas*, for respondent.

PER CURIAM.

An appeal from an order of the district court refusing to vacate a judgment entered in favor of defendant.

By the order of the lower court defendant's demurrer to the complaint was sustained on March 5, 1934. An appeal to this court

[1]Reported in 266 N. W. 169.

from that order was dismissed because of lack of jurisdiction, the appeal having been taken after the statutory time for such appeal had expired. Johnson v. Union Sav. B. & T. Co. 193 Minn. 357, 258 N. W. 504.

Pending the appeal from the order sustaining the demurrer, the defendant, on August 6, 1934, entered judgment of dismissal. February 26, 1935, plaintiff's motion to vacate the order sustaining the demurrer was denied. April 6, 1935, plaintiff moved to vacate and set aside the judgment which had been entered on August 6, 1934. This is an appeal from the order denying that motion and also from the order refusing to vacate the order sustaining the demurrer.

After judgment had been entered the power of the lower court to vacate its intermediate order sustaining the demurrer ceased. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. If plaintiff is entitled to any relief it must be secured by a vacation of the judgment.

Plaintiff contends that the judgment should be vacated on the ground that the lower court was in error in sustaining the demurrer to the complaint. That question could have been raised on an appeal from the judgment. Such an objection to the lower court's action cannot be made by a motion to vacate the judgment after the time for appeal therefrom has expired. The law to that effect is well settled in this state. Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374; Matchan v. Phoenix Land Inv. Co. 165 Minn. 479, 205 N. W. 637; Gallagher v. Irish-Am. Bank, 79 Minn. 226, 81 N. W. 1057; Alexander v. Hutchins, 158 Minn. 391, 197 N. W. 754, 756.

The judgment in this case was entered on August 6, 1934. Under 2 Mason Minn. St. 1927, § 9497, the time for appealing therefrom expired February 6, 1935. As a ground for relief plaintiff alleges mistake in that he was unaware of the time within which he should have appealed from the order sustaining the demurrer. It is claimed that he thought he had 40 days within which to do so because of the fact that the lower court granted a 40-day stay and that he thereby was misled. 2 Mason Minn. St. 1927, § 9497, provides that such an appeal must be taken within 30 days after service of notice upon the adverse party. Plaintiff failed to do so. The statute would serve no purpose were we to permit it to be avoided

by allowing such orders to be vacated after the 30-day period had expired merely because the defeated party was mistaken as to the time within which such an appeal must be taken.

Further it is claimed that there was mistake in the entry of judgment and that plaintiff is entitled to be relieved of his default under 2 Mason Minn. St. 1927, § 9283, which vests in the district court a discretionary power to relieve a party from any judgment, within a year after notice thereof, taken against him through his mistake, inadvertence, surprise, or excusable neglect.

It appears from the record that written notice of taxation of costs and entry of judgment was served on the attorney for plaintiff before judgment was entered. Plaintiff asserts, however, that he did not know judgment could be entered at the time it was, for at that time the appeal from the order sustaining the demurrer was pending in this court. No supersedeas bond was filed on that appeal. The 40-day stay had expired. Defendant had a right to enter judgment. The fact that he gave plaintiff written notice that judgment was to be entered should have put plaintiff on his guard as to defendant's right to do so pending the appeal even if plaintiff did think defendant was in error by so doing. Apparently plaintiff took no steps to ascertain the correct procedure. To vacate the judgment herein complained of on the grounds suggested would destroy orderly procedure as to appeals in this state. There was no abuse of discretion.

Affirmed.