NELLIE GRAHAM JOHNSON DIXON, *et al.,* v. HARRY A. GREGG.

168 So. 2.
Division B.
Opinion Filed April 24, 1936.
Rehearing Denied May 22, 1936.

*D. R. Peacock,* for Appellants;
*John F. Burket,* for Appellee.

PER CURIAM.—The appeal in this case as shown by the notice of such appeal is "from that certain order entered in said cause on the 27th day of May, 1935, recorded in Chancery Order Book the 27th day of May, Book No. 38, page 90, allowing the plaintiff to amend his Bill without notice, and that certain Order striking the answer the Defendants entered June 10, 1935, recorded Chancery Order Book 38, page 125, and that certain Order made July 25, 1935, and recorded in Chancery Order Book the 25th day of July, 1935."

Appellants in their brief show that the order of July 25, 1935, from which this appeal was taken was the order on motion of plaintiff to strike addressed to the answer of defendants Crescent Beach Land Company, R. D. Peacock and W. A. Bean. But, since the order appealed from is not so identified in the notice of appeal as to advise this Court, or as to advise the appellee what order is referred to as that certain order of July 25, 1935, recorded in Chancery Order Book the 25th day of July, 1935, this Court cannot consider this notice of appeal as applying to any particular order because the record shows that on July 25, 1935, an order was made on the motion of plaintiff to strike as to answer of Crescent Beach Land Company, R. D. Peacock and W. A. Bean, and also an order of supersedeas was made and entered on that date.

The record shows that the notice of appeal was filed and recorded on July 25, 1935, at 10:30 A. M., and that the final decree was filed and recorded at the same hour on the same date. The final decree appears in the transcript of the record preceding the entry and notice of appeal.

As it was necessary for the Chancellor to make and sign the final decree before it was recorded, it necessarily follows that the appeal was taken when the final decree was in existence and had been filed a matter of record. No appeal having been taken from the final decree, the rule enunciated in the case of Banks v. Guinyard, 63 Fla. 334, 58 Sou. 229, as follows: "An appeal in an equity cause taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree for review, cannot be considered by the appellate court and will be dismissed," applies. See also Stanley v. Standard Cypress Co., 54 Fla. 583, 45 Sou. 478; O'Neida Land Co. v. Richards, 72

Fla. 116, 72 Sou. 646; Wilder v. Dunne, 45 Fla. 662, 33 Sou. 508; Willey v. Hoggson Corporation, 89 Fla. 446, 105 So. 126.

So this appeal should be dismissed and it is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.