IN RE ESTATE OF DANA T. COLBY.
NELLIE GERTRUDE COLBY v. EVERETT C. COLBY.[1]

January 4, 1947.

No. 34,253.

---

[1]Reported in 25 N. W. (2d) 769.

*Mart M. Monaghan,* for appellant.
*Jean J. McVeety,* for respondent.

CHRISTIANSON, JUSTICE.

Appeal by Nellie Gertrude Colby, as claimant, from a judgment on the pleadings in favor of respondent as administrator of the estate of Dana T. Colby and from an order denying claimant's motion to vacate and set aside said judgment or, in the alternative, to amend it.

Respondent challenges the propriety of this appeal, and rightly so.

The facts essential to this opinion are as follows (see Records in Nos. 34,036 and 34,253) : Claimant filed a claim against the estate of Dana T. Colby, deceased, in the probate court of Hennepin county. The claim was disallowed, and claimant appealed from the order of such disallowance to the district court of Hennepin county. She thereupon filed a statement of the propositions of law and fact upon which she relied for a reversal of the order of the probate court disallowing the claim. To this respondent filed an answer, and claimant replied. Thereafter, respondent moved for judgment on the pleadings, which motion was on January 12, 1945, granted by the district court of Hennepin county and a ten-day stay given. Notice of filing of the order granting the motion was served on claimant's attorney on January 16, 1945. On January 29, 1945, judgment was entered pursuant to the order granting judg-

ment on the pleadings. On February 13, 1945, appeal to this court was taken from the order granting respondent's motion for judgment on the pleadings. An order granting a motion for judgment on the pleadings not being appealable, such appeal was dismissed by this court on August 28, 1945.

Claimant then moved the district court of Hennepin county for an order vacating and setting aside the judgment or, in the alternative, to amend the same. This motion was brought on for hearing on November 6, 1945, and was in all things denied by an order filed on January 18, 1946. Notice of appeal from such order and from the judgment entered January 29, 1945, which is the appeal now before us for consideration, was served on February 28, 1946.

Respondent challenges the propriety of the appeal on the ground that same is taken too late and on the further ground that the order appealed from is nonappealable, for the reason that the judgment thereby sought to be vacated was an authorized judgment. Claimant endeavors to justify the appeal as to the judgment on the ground that the judgment as entered includes no costs and that it does not appear that such costs have been waived. She argues that by reason of such omission the judgment is not complete and that for that reason the time for appeal from the judgment has not expired. In other words, or in effect, she asserts that the statute limiting the time for appeal has not begun to run.

In our opinion, this appeal must be dismissed.

Claimant's own contention that the judgment is incomplete because costs are not included therein or waived would justify our dismissal of the appeal insofar as it relates to the judgment. This court in the case of Mielke v. Nelson, 81 Minn. 228, 230, 83 N. W. 836, 837, said:

"* * * It is the settled law of this state that such costs as the prevailing party is legally entitled to properly constitute a part of the judgment, and he is entitled, unless waived or released, to have them inserted therein. Therefore, where it does not appear on the face of the judgment that he has waived his right to such costs, but does appear that he intends to insert therein the amount thereof

when ascertained, the judgment is incomplete, and no appeal lies from it until the costs are taxed and inserted. Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270."

While respondent in his brief on this appeal states that it was his intention to waive the costs when judgment was entered and while a great length of time since gives much credence to such statement, the record does not in fact show that respondent waived the costs. As far as the record then shows, the judgment appealed from is incomplete, and on the authority of the foregoing cases such judgment is therefore nonappealable and may be dismissed by this court.

"Where an appeal is taken from a non-appealable order or judgment, it will be dismissed by the court, notwithstanding the failure of the respondent to move for a dismissal." 1 Dunnell, Dig. § 465.

If the costs were here treated as having been waived, then the judgment of course would not be appealable, because the time for appealing therefrom had expired long before this appeal was taken. Apparently, however, claimant endeavors to justify the appeal from the judgment on the theory that the judgment is complete for the purpose of appeal, but for the purpose of sustaining her contention that the time for appealing from the judgment has not begun to run the judgment is incomplete. Such an inconsistency, however, will not be countenanced. If the judgment is complete for the purpose of appeal, it is also complete for the purpose of making operative the statute which provides that a judgment may be appealed from within six months from the time of entry thereof.

"The rule that a party will not be allowed to maintain inconsistent positions is applied in respect of positions in judicial proceedings. As thus applied it may be regarded not strictly as a question of estoppel, but as a matter in the nature of a positive rule of procedure based on manifest justice and, to a greater or less degree, on considerations of orderliness, regularity, and expedition in litigation. Certainly the elements of reliance and injury, while often considered, do not enter into such so-called estoppel to the same ex-

tent that they do in equitable estoppel proper." 19 Am. Jur., Estoppel, § 72.

■ Claimant seeks to justify this appeal on the further ground that the order here sought to be reviewed is appealable irrespective of what this court might rule relative to the appeal from the judgment. She asserts that the motion which was by such order denied was a proper motion, claiming that the order of the district court granting the motion for judgment on the pleadings was an unauthorized order and hence that the judgment entered pursuant thereto was unauthorized. This is an erroneous view of the law applicable to the question. In the case of Gasser v. Spalding, 164 Minn. 443, 444, 205 N. W. 374, 375, this court disposed of the question in the following language:

"* * * The judgment was authorized by the order and was itself appealable. By an appeal therefrom the order for the judgment could have been reviewed. We consider that right of appeal exclusive under our statute (section 9498, G. S. 1923), of the one here sought to be used. Certainly it was not the intention of the legislature, in providing for an appeal from a judgment and limiting the time for it to six months, to leave open the method of review at any time by a motion to vacate and an appeal from the order denying it."

And further on in such opinion the court states (164 Minn. 445, 205 N. W. 375):

"* * * An unauthorized judgment may be vacated on motion but one which is authorized but erroneous should be reviewed only by an appeal from the judgment itself."

In view of the foregoing, nothing further need be said with respect to the nonappealability of the order here complained of.

■ "* * * Upon a dismissal of an appeal from a non-appealable order or judgment the supreme court will sometimes give an opinion of the merits to avoid the needless expense of further litigation." 1 Dunnell, Dig. § 465.

162

In view of the record, therefore, which shows that two ineffectual efforts by appeal have here been made to review this case on the merits, we believe that it behooves us, in order to avoid further efforts by appeal in this matter, to indicate our opinion as to the merits of the case. The record as presented is extremely short. We have examined it and from such examination we have no hesitation in stating that it is our opinion that the trial court was correct in ordering judgment on the pleadings in this case.

The appeal is dismissed.

