## SEAGRAM-DISTILLERS CORPORATION v. ROSE LANG, d. b. a. TOWER LIQUOR STORE.[1]

January 20, 1950.

No. 35,045.

---

[1]Reported in 41 N. W. (2d) 429.

*Morley, Cant, Taylor & Haverstock,* for appellant.

*Edward J. Callahan, Allen T. Rorem,* and *Kaplan, Edelman & Kaplan,* for respondent.

PETERSON, JUSTICE.

Motion to dismiss an appeal by plaintiff from an order of the district court sustaining a demurrer to the complaint upon the ground that the appeal was taken *after* judgment had been entered.

Defendant's demurrer to the complaint was sustained. Without notice to plaintiff, the clerk entered judgment for defendant. The judgment adjudged that the court sustained defendant's demurrer to the complaint. It contained no provision dismissing the action or for costs and disbursements. After judgment had been entered, plaintiff appealed from the order sustaining the demurrer to the complaint within the time allowed therefor.

Plaintiff contends (1) That the judgment is in fact not a judgment at all for lack of provisions therein for a dismissal of the case and for costs; and (2) that, aside from any judgment, an appeal from an order sustaining a demurrer is expressly authorized by M. S. A. 605.09(4). Defendant contends (1) that, while the judgment here lacks the provisions mentioned, the omissions render the judgment irregular and not void; and (2) that, because after judgment an order sustaining a demurrer to the complaint is reviewable upon appeal from the judgment, the order sustaining the demurrer was not appealable after entry of judgment.

■ Omission from a judgment entered pursuant to an order sustaining a demurrer to the complaint of provisions for dismissal of the action and for costs and disbursements for defendant in no way affects its finality as a determination of the rights of the parties and is but an irregularity which should be disregarded. Aetna Ins. Co. v. Swift, 12 Minn. 326 (437). We there said (12 Minn. 333 [444]):

"* * * The omission to insert in the judgment that the defendant go without day, or words to that effect, does not affect the substantial rights of the plaintiff, and must, therefore, be disregarded.

The judgment, we think, is a substantial compliance with the law, and an appeal therefrom would authorize the appellate court to review and adjudicate the merits of the case as fully as if a formal judgment had been entered in the action."

Likewise, the omission of a provision for costs and disbursements of the prevailing party is a mere irregularity not affecting the finality of the judgment, which may be disregarded. Wilcox v. Hedwall, 186 Minn. 504, 243 N. W. 709; Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270. Therefore, the judgment here was final and determinative of the merits in favor of defendant.

■ Whether an order sustaining a demurrer to the complaint is appealable after the entry of judgment depends upon the construction of paragraphs (1) and (4) of § 605.09. Paragraph (4) authorizes an appeal from an order sustaining a demurrer to the complaint. Paragraph (1) provides that upon an appeal from the judgment the court may review any intermediate order involving the merits or necessarily affecting the judgment appealed from. An appeal from a judgment entered on an order sustaining a demurrer brings up for review the order sustaining the demurrer. Disbrow v. Creamery Package Mfg. Co. 110 Minn. 237, 125 N. W. 115. The question, then, is whether an order sustaining a demurrer to a complaint, which is an intermediate order and under the statute is appealable as such and reviewable on appeal from the judgment, is appealable *after* the entry of the judgment.

No decision of ours determinative of the question has been cited. In Hatch & Essendrup Co. v. Schusler, 46 Minn. 207, 48 N. W. 782, where two appeals—one from an order striking a demurrer as frivolous and another from the judgment entered pursuant to the order—were taken, we held that the appeal from the order should be dismissed and that the one from the judgment should be heard and decided. For lack of a precedent of our own, we must decide the question by application of well-settled principles.

The New York and Wisconsin cases cited *infra* arose under statutory provisions similar to § 605.09 (1, 4), but not identical therewith. In Nellis v. De Forrest, 6 How. Pr. (N. Y.) 413, 417, it was

held that a provision similar to paragraph (4) was intended to give a party the right to appeal from an order sustaining a demurrer "without waiting until final judgment." In Schieck v. Donohue, 81 App. Div. 168, 80 N. Y. S. 739, it appeared that upon sustaining a demurrer in such a case an interlocutory judgment to that effect was entered and that the interlocutory judgment was appealable. In effect, this is the same as an appeal under our paragraph (4) from an order sustaining a demurrer to the complaint. In Frank v. Rowland & Shafto, Inc. 169 App. Div. 918, 153 N. Y. S. 926, it was held that appealable as well as unappealable interlocutory orders become merged in the final judgment and that after the entry of the final judgment no appeal would lie from an interlocutory one.

In American Button-Hole, .O. & S. Mach. Co. v. Gurnee, 38 Wis. 533, the court held that under a statute, providing that an appeal may be taken from an order sustaining a demurrer to the complaint and that upon appeal from the judgment the court might review any intermediate order involving the merits and necessarily affecting the judgment appealed from, an order sustaining a demurrer to the complaint was not appealable after entry of judgment. The court there said (38 Wis. 535) :

"It is true that the only express limitation put by the statute upon interlocutory appeals is, that they must be taken within thirty days after notice; but, following the course of reasoning in Parker v. McAvoy [36 Wis. 322] and in Jarvis v. Hamilton, 37 Wis., 87, we cannot but hold that the statutory provisions cited ([Tay. Stat.] ch. 139, sec. 6, and [R. S.] ch. 125, sec. 40) operate to determine the right of interlocutory appeal upon final judgment; that the review of interlocutory orders upon appeal from judgment in the one case, was intended to supersede appeals from such orders after judgment; and that prohibiting reversal of judgments for errors in interlocutory orders, for which the orders themselves might have been reversed before judgment, in the other case, was intended to prohibit appeals from such orders after judgment. This appears to be the fair and just construction of the several provisions of the statute, considered together."

The rule there announced has been adhered to in later cases. Drake v. Scheunemann, 103 Wis. 458, 79 N. W. 749; Donkle v. Milem, 88 Wis. 33, 59 N. W. 586.

The reasons stated in the cited cases are convincing that it was the legislative intention to give by paragraph (4) a right of appeal before judgment from an order sustaining a demurrer to the complaint and to provide by paragraph (1) that *after* judgment the exclusive mode of reviewing such an order upon appeal should be by appeal from the judgment. We so hold.[2] These views accord with those stated in Johnson v. Union Savings B. & T. Co. 196 Minn. 588, 589, 266 N. W. 169, 170, where we held that after judgment an order sustaining a demurrer to the complaint becomes final, except as relief from the judgment may grant relief from the order. We there said:

"After judgment had been entered the power of the lower court to vacate its intermediate order sustaining the demurrer ceased. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. If plaintiff is entitled to any relief it must be secured by a vacation of the judgment."

Hence, the order here was not appealable after entry of the judgment.

Plaintiff relies upon numerous cases involving appeals taken after judgment from orders denying or granting a motion for a new trial, such as In re Estate of Hore, 220 Minn. 365, 19 N. W. (2d) 778, 160 A. L. R. 1064; Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473; and Harcum v. Benson, 135 Minn. 23, 160 N. W. 80. Cases involving appeals after judgment from orders denying or granting a new trial are not in point, for the reasons stated at length by Mr. Chief Justice Gilfillan speaking for the court in Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129, which have been adhered to ever since. In the Kimball case, we pointed out that, because the statute gives the right to move for a new trial, the motion could be

---

[2]See, Jones v. Industrial L. & H. Ins. Co. 222 Ala. 399, 132 So. 890; Dixon v. Gregg, 124 Fla. 177, 168 So. 2; Rhame v. B. B. Kirkland Seed Co. 156 S. C. 89, 152 S. E. 825; Birch River B. & Lbr. Co. v. Glendon B. & Lbr. Co. 71 W. Va. 139, 76 S. E. 167.

made in certain cases after as well as before judgment; that, since the statute gives the right to appeal from an order denying or granting a new trial, the right to appeal obtains where there is a right to make the motion; and that, where the motion may be made after judgment, an appeal may be taken after judgment from the order deciding the motion. It must be obvious that those reasons have no relevancy here, for the plain reasons that a demurrer must not only be interposed and decided before judgment, but also because one can never be interposed and decided afterward.

An entirely different rule based upon difference in reasons applies where an appeal from an order sustaining a demurrer to the complaint is taken *before* judgment and judgment is entered subsequent to the taking of the appeal from the order. A final judgment, entered after appeal taken from the order (or interlocutory judgment) upon which it is based, falls with the reversal of such order. It is sometimes said that, because that is true, the final judgment shares the fate of the reversed order. Minnesota Valley R. Co. v. Doran, 15 Minn. 186 (240); Frazer v. Sherrerd, 6 Minn. 410 (576); Williams Holding Co. v. Pennell (5 Cir.) 86 F. (2d) 230; Barton v. Long, 45 N. J. Eq. 160, 16 A. 683; Schieck v. Donohue, 81 App. Div. 168, 80 N. Y. S. 739; Agate v. House, 69 Hun 616, 23 N. Y. S. 716; Phebus v. Dunford, 113 Utah —, 198 P. (2d) 973; 3 Am. Jur., Appeal and Error, § 1192; 5 C. J. S., Appeal and Error, § 1951. As said in the Barton case, *supra* (45 N. J. Eq. 161, 16 A. 683):

"* * * But it is clear that the party who proceeds with the cause in the court of chancery before the decision of the appeal from the interlocutory order, will incur the hazard necessarily incident to such a step; for if the interlocutory order be reversed, and the error thus rectified shall have deprived the appellant of a right which would have benefited him on the final hearing, it is obvious that the final decree, under such circumstances, could not stand."

We applied the rule in the Frazer case, *supra*, holding that upon reversal of an order directing the entry of judgment the judgment entered pursuant thereto falls, and in the Minnesota Valley R. Co.

case, *supra*, holding that a judgment entered after appeal from an order denying a motion for a new trial falls with reversal of the order.

In the Schieck case, *supra*, it was held that a final judgment based upon an interlocutory one sustaining a demurrer (the situation there was the same as here) fell with reversal of the interlocutory judgment.

Even a judgment recovered upon another judgment, which subsequent to the recovery of the judgment based thereon was reversed, may be set aside by appropriate proceedings. Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

Because the order appealed from was not appealable after judgment, the appeal here should be and it is hereby dismissed.

Appeal dismissed.

ON PETITION FOR REHEARING.

On February 24, 1950, the following opinion was filed:

PER CURIAM.

Plaintiff petitions for a rehearing upon the ground that, because the judgment is incomplete for the reason that it does not include costs and disbursements, it is not a judgment at all, citing such cases as In re Estate of Colby, 223 Minn. 157, 25 N. W. (2d) 769, and Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270, involving the question whether appeals from incomplete judgments there involved were timely taken.

We pointed out in the opinion filed here that the judgment, even though imperfect, was a judgment. In Cox v. Selover, 177 Minn. 369, 371, 225 N. W. 282, where the question was fully considered, we held that the omission of costs and disbursements is a mere "irregularity," which in no wise affects "the validity of the judgment." It follows that, while the judgment here is irregular, it is a valid judgment, and that, because that is true, it precludes an appeal from the order sustaining the demurrer as an intermediate order.

Petition denied.